John BOWEN & Elizabeth Bowen, Appellants,

v.

AETNA CASUALTY & SURETY COMPANY, Appellee.

No. 04–91–00261–CV.

Court of Appeals of Texas, San Antonio.

March 31, 1992.

Rehearing Denied May 5, 1992.

Bruce J. Mery, Richard J. Karam, Karam, Naranjo & Kruger, Peter Koelling, Peter M. Koelling, P.C., San Antonio, for appellants.

Ben Taylor, Fulbright & Jaworski, Houston, W. Wendell Hall, Fulbright & Jaworski, San Antonio, for appellee.

Before BUTTS, PEEPLES and CARR, JJ.

## OPINION

CARR, Justice.

This is an appeal of a summary judgment entered against appellants, John and Elizabeth Bowen, on their claim for additional benefits under their underinsured motorist coverage with Aetna Casualty and Surety Company.

Elizabeth Bowen was covered under an automobile insurance policy issued by Aetna. The policy provided a limit of $100,000 coverage under the underinsured motorist provision. On April 10, 1988, Mrs. Bowen was rear-ended by another driver which caused her over $125,000 damages in personal injuries. After obtaining Aetna's consent, the Bowens settled with the tortfeasor's insurance carrier for the maximum benefits under the tortfeasor's policy: $25,-000. The Bowens then looked to their own insurance policy for payment of the balance of their damages and requested that Aetna pay them the policy limits.

In determining the maximum benefits to be paid the Bowens, Aetna deducted the $25,000 paid by the tortfeasor's carrier from the $100,000 maximum coverage available under the Bowen's policy, for a total of $75,000. Aetna sent the Bowens a check in the amount of $49,999.65 and a release to be executed by the Bowens.[1] The Bowens signed the release, gave it to their attorney, and cashed the check from Aetna. The Bowens' attorney did not deliver the release to Aetna.

A few days later, the supreme court rendered its decision in *Stracener v. United Servs. Auto. Ass'n,* 777 S.W.2d 378 (Tex. 1989), which prohibits the insurer from taking a deduction from its underinsured coverage of an amount paid under a separate policy. The Bowens now demand the additional $25,000 that Aetna deducted from the Bowens' $100,000 coverage.

Both Aetna and the Bowens filed a motion for summary judgment in the trial court. The parties offered stipulated facts to the court. The Bowens urge that the holding in *Stracener* should apply to them and that they are entitled to the full $100,-000 coverage because their damages exceed their maximum coverage plus the amount paid by the tortfeasor. Aetna argues that it owes nothing further because its debt has been extinguished under the doctrines of payment, release, accord and satisfaction, and compromise and settlement. The trial court entered summary judgment for Aetna and denied the Bowens recovery of the additional $25,000. The Bowens appealed to this court.

---

1. The balance of the $75,000 was used by Aetna to fund an annuity for Mrs. Bowen.

When both parties request a summary judgment, each party has the burden to establish entitlement to summary judgment by conclusively proving all elements of his cause of action or defense as a matter of law, and neither party can rely on the other party's failure to carry his burden. TEX.R.CIV.P. 166a(c); *Federal Deposit Ins. Corp. v. Attayi*, 745 S.W.2d 939, 941 (Tex.App.—Houston [1st Dist.] 1988, no writ). The appellate court will then consider all questions presented to the trial court, and may reverse and render judgment. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988). A defendant moving for summary judgment on an affirmative defense must conclusively prove all elements of that defense. *Odeneal v. Van Horn*, 678 S.W.2d 941, 941 (Tex.1984); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). If the judgment granting the motion for summary judgment does not specify upon which ground it is based, to obtain reversal, the appellant must show that all of the independent grounds alleged are insufficient to support the judgment. *Rogers v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 79 (Tex.1989); *Tilotta v. Goodall*, 752 S.W.2d 160, 161 (Tex.App.—Houston [1st Dist.] 1988, writ denied). In deciding whether a disputed material fact issue precludes summary judgment, the reviewing court will take as true all evidence favoring the nonmovant. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984). Every reasonable inference from the evidence will be indulged in favor of the nonmovant, and any doubts will be resolved in his favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d at 549; *Montgomery v. Kennedy*, 669 S.W.2d at 311.

Aetna claims that it has paid the full amount due under the policy as it existed prior to the *Stracener* holding.

In *Stracener v. United Servs. Auto. Ass'n*, 777 S.W.2d 378 (Tex.1989), the supreme court determined that the benefits paid by the tortfeasor's insurer are to be off-set against the total amount of damages and not against the underinsured limits. *Id.* at 380, 383. The court disapproved all decisions which construed the Insurance Code in a manner inconsistent with its opinion. *Id.* at 384. The Bowens seek to apply this interpretation retroactively to their case, and thus recover an additional $25,-000 under their policy. Aetna seeks to apply it prospectively only, so that its $75,-000 payment extinguished its liability completely.

Generally, supreme court decisions on the law are retroactive in operation. *Sanchez v. Schindler*, 651 S.W.2d 249, 254 (Tex.1983). However, when it would be unfair to litigants and trial courts who justifiably relied on prior interpretations of the law, or when an issue of first impression is decided "whose resolution was not clearly foreshadowed," application will be retroactive only in a limited manner: to the case bringing about the change; to claims arising on or after that decision; and to causes of action pending in the courts on or after that decision. *Reagan v. Vaughn*, 804 S.W.2d 463, 468 (Tex.1990); *Sanchez v. Schindler*, 651 S.W.2d at 254. The supreme court interpreted article 5.06–1(2)(b) and (5) of the Insurance Code to invalidate insurance policy clauses that had allowed the off-set to be taken against the policy limits rather than against the total amount of damages. *Stracener v. United Servs. Auto. Ass'n*, 777 S.W.2d at 384. There was no foreshadowing to indicate to parties to the insurance contract that such a change would occur. Litigants have relied on the former rule in determining insurance benefits and it would be unfair to change it. Thus, *Stracener* will be given effect only to claims arising on or after September 13, 1989, and to causes of action pending in the courts on September 13, 1989. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 782 S.W.2d 518, 519 (Tex. App.—Houston [1st Dist.] 1989, no writ) (accident occurred prior to *Stracener* but pending in court: *Stracener* applied). The claim in the instant case arose *prior* to the September 13th decision and had not entered the judicial arena when *Stracener* was rendered. Therefore, *Stracener* does not apply to this case.

Aetna paid $75,000—the full amount due under the policy under pre-*Stracener* law. The debt was extinguished in full. We hold that Aetna established payment of the debt. The judgment of the trial court is affirmed.