William E. HENRY, Lavina R. Henry, Individually, and as Next Friends of William Clayton Henry, a Minor, and William Clayton Henry, Appellants,

v.

CHUBB LLOYDS INSURANCE COMPANY OF TEXAS, Appellee.

No. 13–93–579–CV.

Court of Appeals of Texas, Corpus Christi.

Feb. 16, 1995.

Rehearing Overruled March 16, 1995.

J. Robert McKissick, John D. Charbonnet, Jr., Spagnoletti & Associates, Houston, for appellants.

Daryl G. Dursum, Adams & Reese, Houston, for appellee.

Before DORSEY, YAÑEZ and RODRIGUEZ, JJ.

## OPINION

RODRIGUEZ, Justice.

The trial court granted summary judgment to the defendant Chubb Lloyds Insurance Company of Texas in this suit for damages from Chubb's alleged breach of the duty of good faith and fair dealing in settling an insurance claim. Plaintiffs William E. Henry and Lavina R. Henry, individually and as next of friends of William Clayton Henry, a minor, and William Clayton Henry appeal. We affirm the ruling of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

William Clayton Henry, son of William E. Henry and Lavina R. Henry, was riding a bicycle when an automobile struck him. The automobile was owned by Sherri Stagner and was being driven by Robert Stagner at the time of the accident. The Stagners had liability insurance with limits of $20,000 per person for bodily injury. The Henrys had a Chubb Insurance Policy covering injuries caused by uninsured/underinsured motorists with a limit of $25,000.

The Stagners tendered their policy limits and Chubb offered to pay $5,000—the amount of the Chubb policy limit less the amount of the Stagner's policy limit. The Henrys were informed by a Chubb agent that under the terms and conditions of the policy, their recovery was limited to this amount. Based on this representation, the Henrys agreed to settle with Chubb for the $5,000. A lawsuit for damages sustained by the minor, William Clayton Henry, was drafted by Chubb's attorney and filed on behalf of the Henrys. The result was an agreed final judgment dated October 21, 1988 which awarded the Henrys $600 from the Stagners and $5,000 from Chubb. The judgment provided in part:

> The parties announced in open court that all claims and causes of action which had been asserted or which could have been asserted against the Defendants or any other person, firm, corporation or insurance company by reason of the matters and things complained of herein, had been compromised and settled, subject to the approval of the court.... [T]he court proceeded to hear evidence and was of the opinion from the evidence heard that the liability of the Defendant is of a disputed nature and that such settlement is fair and just to the minor Plaintiff....

The Court attached the parties' settlement and release as an exhibit to the judgment. The release stated in paragraph I, in part:

> [t]he Plaintiffs hereby completely RELEASE AND FOREVER DISCHARGE the Defendants, the Insurer, ... of and from any and all past, present or future claims, demands, obligations, actions, causes of action, wrongful death claims, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, contract or other theory of recovery, and whether for compensation of punitive damages, which the Plaintiffs now have, or which may or in any way growing out of, or which are the subject of, the Complaint (and all related pleadings, including, without limitation, any and all known and unknown claims for bodily and personal injuries to the minor Plaintiff, WILLIAM CLAYTON HENRY, or any future wrongful death claim of Plaintiffs' representative, which have resulted or may result from the alleged acts or omissions of the Defendants).

The release further specified in paragraph VIII that it was a general release. This paragraph provided:

> [The plaintiffs] expressly waive and assume the risk of any and all claims for damages which exist as of this date, but of which the Plaintiffs do not know or suspect exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially effect (sic) Plaintiffs' decision to enter into the Settlement Agreement. The Plaintiffs further agree that they have accepted payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact and they assume the risk that the facts or law may be otherwise then (sic) they believe.

The Henrys do not appeal this judgment.

The instant lawsuit was filed by the Henrys four years later after discovering that as per new law, the method of computing liability limits in claims against uninsured/underinsured motorist liability carriers was modified. In 1989, almost one year after the judgment in the Henry case, the Supreme Court reinterpreted the Insurance Code in *Stracener v. United Serv. Auto. Ass'n.*, 777 S.W.2d 378 (Tex.1989). The court held that uninsured/underinsured motorist liability carriers could not set off amounts recovered from liability insurers of underinsured vehicles from limits specified in the uninsured/underinsured motorist insurance policy. Instead, the court ruled that the amounts recovered should be deducted from the amount of actual damages incurred as a result of the negligence of the underinsured motorist.[1] *Stracener*, 777 S.W.2d at 383–84.

The Henrys allege that they would not have settled the prior lawsuit but for the misrepresentation by Chubb. They contend that the manner in which their claim was handled by Chubb in obtaining their consent to settle their claim was improper and in breach of their duty of good faith and fair dealing. The Henrys allege that Chubb knew that their claim was worth more and misrepresented the law in order to coerce them into settling for $5,000. It is their contention that this breach of duty caused them not only to lose insurance proceeds but to suffer mental anguish.

■ Chubb moved for summary judgment on the basis that the Henrys cause of action had already been litigated in the previous lawsuit and was therefore barred by res judicata. Chubb relied on cases holding that once a judgment becomes final, it remains final. The fact that the judgment was premised on a legal principle that was later overruled does not affect the application of res judicata. See *Segrest v. Segrest*, 649 S.W.2d 610 (Tex.1983); *Texas Employers Ins. Ass'n v. Tobias*, 740 S.W.2d 1 (Tex.App.—San Antonio 1986, writ denied).

The court granted Chubb's motion, explicitly stating that the suit was barred by res judicata.

### DISCUSSION AND ANALYSIS

By three points of error, the Henrys reurge their trial arguments against the summary judgment.

■ Their contentions by points one and two are that res judicata does not bar the claims in the present lawsuit because they do not arise out of the same subject matter as the prior lawsuit and the subject matter in the present lawsuit could not have been litigated in the prior lawsuit. The doctrine of res judicata concerns the conclusive effects given to final judgments. Res judicata, also referred to as claims preclusion, prevents the relitigation of a claim or cause of action that has been finally adjudicated as well as related matters that, with the use of diligence, should have been litigated in the prior suit. *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 631 (Tex.1992). Claims preclusion prevents splitting a cause of action. *Jeanes v. Henderson*, 688 S.W.2d 100, 103 (Tex.1985). The policies behind the doctrine reflect the need to bring all litigation to an end, prevent vexatious litigation, maintain stability of court decisions, promote judicial economy, and prevent double recovery. *Barr*, 837

---

1. In this case, for instance, Chubb's policy would cover amounts up to $25,000 above the underinsured motorist's coverage of $20,000; thus, if the damages totalled $50,000, Chubb could have exposure as large as $25,000 rather than the $5,000 they agreed to pay in the injury suit.

S.W.2d at 629. In *Barr*, the court agreed with the holding in *Texas Water Rights Comm. v. Crow Iron Works*, 582 S.W.2d 768, 771–72 (Tex.1979) that the scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit. Accord, *Gracia v. RC Cola–7–Up Bottling Co.*, 667 S.W.2d 517, 519 (Tex.1984).

■ It is therefore necessary to determine whether the subject matter giving rise to the second action is the same as that which gave rise to the first action. Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit. *Barr*, 837 S.W.2d at 630. In the present case, appellants claim a breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, and Texas Deceptive Trade Practices Act. In supporting this claim the Henrys state they would not have settled the contractual claim for $5,000.00 if they had known it was improper for Chubb to reduce their underinsured motorist benefits in the manner it was done.

Both actions are based on the same accident. The redress sought in each action is for payment of money from Chubb's underinsured motorist insurance policy. The subject matter in each case is one and the same. The only difference is the cause of action alleged. If the Henrys had a valid complaint for breach of duty of good faith and fair dealing, through the exercise of due diligence in litigating their claim in the first action, they would have been put on notice of a need for altering their pleadings to include the causes of action pled in the second action. They could have sued Chubb for breach of the duty of good faith instead of settling for $5,000.00. They did not because the basis for their breach of duty claim is the opinion in the *Stracener* case which was decided one year after the final judgment in the first action.

■ We must therefore next address the retroactive effect of the *Stracener* case to the present case. The Supreme Court considered the retroactivity of the *Stracener* case in *Bowen v. Aetna Casualty & Surety Co.*, 837 S.W.2d 99 (Tex.1992). In *Bowen*, the circumstances were very similar to the present case. The decision in *Stracener* however was handed down prior to finalization of the settlement. After considering whether *Stracener* applied to claims which had already "entered the judicial arena" as well as to claims arising after *Stracener*, the court held that the *Stracener* decision does apply retroactively to insurance claims arising before the opinion was released. *Bowen*, 837 S.W.2d at 100. A decision of the Supreme Court operates retroactively unless the Court exercises its decision to modify that application. *Bowen*, 837 S.W.2d at 100.

The retroactive application of the *Stracener* decision does not apply to this case. In *Bowen*, the claim was still pending when *Stracener* was decided and the insured requested additional money to cover their remaining damages. Here, we have a judgment which was finalized one year before *Stracener*. This judgment is entitled to application of res judicata. That the judgment may have been wrong or premised on a legal principle subsequently overruled does not affect application of res judicata. *Segrest*, 649 S.W.2d at 612 (Relying on *Federated Department Stores, Inc. v. Miotie*, 452 U.S. 394, 101 S.Ct. 2424, 2427–28, 69 L.Ed.2d 103 (1981)). The Supreme Court does not require retroactive application of the Stracener decision to the final judgment in this case.

■ In appellants third point of error, they claim appellees agreed to split the claim in the present lawsuit from the claim asserted in the first lawsuit. This would prevent the final judgment from barring the present lawsuit. Appellants refer to the Restatement (Second) of Judgments, § 26(1)(a), which provides an exception to the doctrine of res judicata. This exception applies to cases where the parties have agreed that the plaintiff may split his claim or the defendant has acquiesced therein. According to appellants, the petition in the first lawsuit limited the claim against Chubb to the amount they were required to pay under the uninsured/underinsured motorist insurance policy

and the judgment was limited to "claims asserted or which could have been asserted by reason of the matters and things complained of herein." Appellants theorize that the wording of the petition and judgment constituted an agreement by Chubb to split the claim for unfair claims practices from the prior lawsuit. We disagree. The final judgment and release were very specific in stating that the .judgment resolved all claims against Chubb in regards to payment of proceeds under Henry's uninsured/underinsured motorist insurance coverage insurance policy. Additionally, the release stated that the Henrys assumed the risk of claims which they may not even know existed and which would materially affect their decision to enter into the settlement agreement.

## CONCLUSION

We find that the causes of action asserted in the second lawsuit arose out of the same subject matter as the first lawsuit; that these causes of action could have been litigated in the first lawsuit if they actually existed at the time; and, that the change in the law subsequent to the finalizing of the judgment does not create a cause of action which is not barred by res judicata. We further find that the appellees did not agree to split the causes of action asserted by appellants in the second lawsuit; and, that the final judgment and release disposed of all claims appellants asserted or could have asserted against appellee.

Points of error one through three are overruled. We affirm the judgment of the trial court.