**Eddie DEES, Appellant,**

v.

**Jim BOWLES, Sheriff of Dallas County, & Dallas County, Texas, Appellees.**

No. 05–94–01514–CV.

Court of Appeals of Texas, Dallas.

Aug. 15, 1995.

C. Tony Wright, Law Offices of C. Tony Wright, P.C., Dallas, for Appellant.

Thomas F. Keever, Assistant District Attorney, Dallas, for Appellees.

Before BAKER, KINKEADE, and JAMES, JJ.

**OPINION**

BAKER, Justice.

This is a summary judgment case. Eddie Dees sued Dallas County and Sheriff Jim Bowles to recover bail bond approval fees. In 1992, the Texas Supreme Court held that Texas counties had no statutory authority to collect preconviction bond approval fees. The supreme court concluded that existing

statutes authorized collection of fees only in civil matters, not criminal matters.[1] Dallas County and Sheriff Bowles moved for summary judgment on several grounds. One of the grounds they asserted was that the Texas Supreme Court's decision holding the fees improper should only apply prospectively. The trial court granted summary judgment on that ground. We conclude the trial court improperly applied the law. We reverse the trial court's summary judgment for Dallas County and Sheriff Bowles. We remand this cause for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Beginning in 1981, Dallas County charged an administrative fee to process each criminal bail bond posted in Dallas County. The Dallas County Sheriff's Department collected the fee for the county. Except for one year, 1988–89, the county collected these fees until May 1992. On May 6, 1992, the Texas Supreme Court issued the *Camacho* opinion. In *Camacho*, the supreme court held Texas counties did not have statutory authority to collect a preconviction bail bond approval fee under former and existing statutes. *Camacho v. Samaniego*, 831 S.W.2d 804, 815 (Tex. 1992). The supreme court concluded the statutes authorize the collection of fees in civil matters, not criminal matters. *See Camacho*, 831 S.W.2d at 812.

Eddie Dees sued Dallas County and Sheriff Bowles in 1988, four years before *Camacho*. Dees claimed the fees were improper because the county could not collect the bond approval fees under existing statutes. Dees sued to recover the fees and the four-fold statutory penalty. Act of May 1, 1987, 70th Leg., R.S., ch. 149, § 16, 1987 Tex.Gen.Laws 707, 1300, *repealed by* Act of May 4, 1993, 73rd Leg., R.S., ch. 268, § 46(1), 1993 Tex. Gen.Laws 583, 986 (current version at Tex.Local Gov't Code Ann. § 118.801 (Vernon Supp.1995) (formerly Tex.Rev.Civ.Stat. Ann. art. 3909 (Vernon 1966)). After the supreme court decided *Camacho*, the county and Sheriff Bowles filed an amended motion for summary judgment. One ground in the motion was that *Camacho* should apply only

prospectively. The trial court granted summary judgment for the county and the sheriff solely on *Camacho's* prospective application.

## THE PARTIES' CONTENTIONS

In a single point of error, Dees contends the trial court erred in applying *Camacho* prospectively.

The county and the sheriff contend a prospective application was proper. They argue this case meets the test to permit prospective application of *Camacho*.

## APPLICABLE LAW

### A. Summary Judgment— Standard of Review

When we review a summary judgment, we follow well established rules. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Spencer v. City of Dallas*, 819 S.W.2d 612, 615 (Tex.App.—Dallas 1991, no writ). Summary judgment provides a way to summarily end a case that involves only a question of law and no genuine fact issues. *See Gaines v. Hamman*, 163 Tex. 618, 358 S.W.2d 557, 563 (1962). We determine whether the trial court properly applied the law to the undisputed facts. *See American Medical Elecs., Inc. v. Korn*, 819 S.W.2d 573, 576 (Tex.App.—Dallas 1991, writ denied).

### B. *Camacho v. Samaniego*

In *Camacho*, the supreme court held there is no statutory authority to impose and collect a bail bond approval fee. The court held the fee was improper. *Camacho*, 831 S.W.2d at 815. The supreme court stated that the statute setting fees a county sheriff may collect does not apply to criminal matters. *See Camacho*, 831 S.W.2d at 814. *Camacho* is silent on whether it applies retroactively or prospectively.

### C. Prospective or Retroactive Application

■ As a rule, a Texas Supreme Court decision applies retrospectively. *Sanchez v.*

---

**1.** *See Camacho v. Samaniego*, 831 S.W.2d 804 (Tex.1992).

*Schindler,* 651 S.W.2d 249, 254 (Tex.1983). This rule applies unless the supreme court *itself* exercises its discretion to modify the rule. *Bowen v. Aetna Casualty & Sur. Co.,* 837 S.W.2d 99, 100 (Tex.1992); *Sanchez,* 651 S.W.2d at 254; *see Carrollton–Farmers Branch Indep. Sch. Dist. v. Edgewood Indep. Sch. Dist.,* 826 S.W.2d 489, 515 (Tex.1992); *Reagan v. Vaughn,* 804 S.W.2d 463, 468 (Tex. 1990) (op. on reh'g).

## APPLICATION OF LAW
## TO THE FACTS

■ There is nothing in *Camacho* to show that the supreme court intended only a prospective application. The supreme court made no attempt to change the rule of retrospective application. Rather than apply the rule, the trial court improperly determined *Camacho* should apply only prospectively. In doing so, the trial court clearly erred in applying the law to the undisputed facts in this case. *See Bowen,* 837 S.W.2d at 100.[2]

We hold the trial court erred in granting summary judgment for Dallas County and Sheriff Bowles on the ground of prospective application of *Camacho.* We sustain Dees's point of error.

Accordingly, we reverse the trial court's summary judgment and remand the case to the trial court for further proceedings.

KINKEADE, J., concurs.

KINKEADE, Justice, concurring.

I concur in the decision reached by the majority. Our decision is mandated by the fact that the supreme court gives no indication in *Camacho v. Samaniego,* 831 S.W.2d 804 (Tex.1992), that that decision should have only a prospective application. Yet the rule announced in *Camacho* meets all the criteria for only a prospective application. *See Carrollton–Farmers Branch Indep. Sch. Dist. v. Edgewood Indep. Sch. Dist.,* 826 S.W.2d 489, 518 (Tex.1992). I believe our decision is required under the language of *Camacho.* However, I believe *Camacho* should have only had prospective application.

---

2. The county and the sheriff did not cite *Bowen* in their brief. Nevertheless, their attorney conceded at oral argument that *Bowen* was directly on point and controlled the outcome of the appeal. The attorney for the county and the sheriff ignored contrary authority that is clearly on point. We do not condone this action. *See* TEX.DISCIPLINARY R.PROF.CONDUCT 3.03(a)(4) (1989), *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. G, app. A (Vernon Supp.1995) (STATE BAR RULES art. X, § 9).