NUMBER 13-07-545-CV



COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 


 


VALLEY MUNICIPAL UTILITY DISTRICT NO. 2, Appellant,


v.


RANCHO VIEJO, INC., Appellee.

 


On appeal from the 138th District Court


of Cameron County, Texas.

 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Garza


 Appellant, Valley Municipal Utility District No. 2 ("Valley MUD"), brings this
interlocutory appeal of the trial court's denial of its plea to the jurisdiction in a breach of
contract action brought by appellee, Rancho Viejo, Inc. ("Rancho"). By three issues, Valley
MUD contends that its immunity from suit has not been effectively waived by the
Legislature. Specifically, Valley MUD alleges that: (1) section 49.066(a) of the Texas
Water Code does not waive its immunity from suit; (2) sections 271.151-160 of the Texas
Local Government Code are not applicable to the Easement Agreement at issue, and thus
cannot serve as a waiver of immunity; and (3) even if the cited sections of the Texas Local
Government Code are applicable, the damages requested by Rancho are not recoverable
under that statute. See Tex. Water Code Ann. § 49.066 (Vernon 2000); Tex. Loc. Gov't
Code Ann. §§ 271.151-.160 (Vernon Supp. 2007). We reverse the order of the trial court
and render a judgment dismissing the cause for want of jurisdiction.

I. Factual and Procedural Background

 Valley MUD is a municipal utility district created under authority of the Texas
Constitution. (1) Rancho is a Texas corporation that owns real property within Cameron
County consisting of two eighteen-hole golf courses and their associated accessory
buildings.

 On February 10, 2005, Ted M. Trapp, president of Rancho, executed a document
entitled "Easement Agreement" which granted to Valley MUD a twenty by twenty-five foot
easement on Rancho's property for the purposes of the construction, operation, and
maintenance of a sewer lift station. The Easement Agreement was not signed by any
representative of Valley MUD.

 The easement agreement provided, in relevant part, that:

 Total construction time for the lift station will not exceed Six (6)
months from commencement of work. Grantee [Valley MUD] will give notice
to Grantor [Rancho] of the date of commencement and if the work is not
completed within six months, then Grantee will pay to Grantor thee [sic] sum
of $500 per day for each day beyond the six months.


 On March 9, 2007, Rancho filed suit against Valley MUD, alleging that the
construction of the lift station took more than six months, and demanding damages of $500
per day for each day that construction continued beyond the six month time period
specified in the Easement Agreement.

 Valley MUD moved the trial court to dismiss the suit for lack of jurisdiction,
contending that, as a governmental unit, it is immune from suit and that the Legislature has
not waived such immunity. A non-evidentiary hearing was held before the trial court on
August 14, 2007, and the trial court denied Valley MUD's plea to the jurisdiction on August
23, 2007, providing no specific findings of fact or conclusions of law.

II. Discussion

A. Jurisdiction and Standard of Review

 If a trial court denies a governmental unit's claim of no jurisdiction, whether it has
been asserted by a plea to the jurisdiction, a motion for summary judgment, or otherwise,
the Legislature has provided that an interlocutory appeal may be brought. See Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2007); San Antonio State Hosp.
v. Cowan, 128 S.W.3d 244, 245 n.3 (Tex. 2004); see also Univ. of Tex. Pan American v.
Aguilar, ___ S.W.3d ___, 2007 Tex. App. LEXIS 1474, at *1 n.1 (Tex. App.-Corpus Christi
Mar. 1, 2007, pet. filed) (mem. op.). It is undisputed that Valley MUD is such a
governmental unit. See Tex. Civ. Prac. & Rem. Code § 101.001(3)(B). Accordingly, we
have jurisdiction to consider the issues raised on appeal by Valley MUD.

 We review a trial court's ruling on a plea to the jurisdiction under a de novo standard
of review. See Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex.
2004). In determining whether subject matter jurisdiction exists, we accept all allegations
in the pleadings as true. See City of San Antonio v. Butler, 131 S.W.3d 170, 174 (Tex.
App.-San Antonio 2004, pet. denied). The plaintiff bears the burden of alleging facts
affirmatively demonstrating the trial court's jurisdiction to hear a case. Id.

B. Applicable Law

 It well established that governmental entities enjoy immunity from suit, unless the
legislature has explicitly waived such immunity. See, e.g., Tooke v. City of Mexia, 197
S.W.3d 325, 332 (Tex. 2006); City of Weslaco v. Borne, 210 S.W.3d 782, 789 (Tex.
App.-Corpus Christi 2006, pet. denied).

 The doctrine of governmental immunity has developed into two distinct forms: (1)
immunity from suit, which bars suit against a governmental entity altogether in absence of
consent; and (2) immunity from liability, which bars enforcement of a judgment against a
governmental entity. Tooke, 197 S.W.3d at 331. Immunity from suit implicates a court's
subject matter jurisdiction, whereas immunity from liability does not. Tex. Dep't of Transp.
v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). This is because immunity from liability protects
against a final judgment and not against the suit itself. Tooke, 197 S.W.3d at 331. In the
instant case, we are concerned solely with the issue of immunity from suit rather than
immunity from liability.

C. Analysis

1. Governmental Immunity and the Texas Water Code


 By its first issue, Valley MUD asserts that section 49.066(a) of the Texas Water
Code does not waive its governmental immunity. We agree.

 Section 49.066(a) provides that: 

 A district may sue and be sued in the courts of this state in the name
of the district by and through its board. A suit for contract damages may be
brought against a district only on a written contract of the district approved
by the district's board. All courts shall take judicial notice of the creation of
the district and of its boundaries.


Tex. Water Code Ann. § 49.066(a).

 Governmental immunity may be waived only by clear and unambiguous statutory
language. Tooke, 197 S.W.3d at 329; see Tex. Gov't Code Ann. § 311.034 (Vernon Supp.
2007) ("In order to preserve the legislature's interest in managing state fiscal matters
through the appropriations process, a statute shall not be construed as a waiver of
sovereign immunity unless the waiver is effected by clear and unambiguous language."). (2)

 Dozens of Texas statutes provide that various entities may "sue and (or) be sued",
"(im)plead and (or) be impleaded", "be impleaded", "prosecute and defend", "defend or be
defended", "answer and be answered", "complain and (or) defend", or some combination
of these phrases. See Tooke, 197 S.W.3d at 328, 361-370 (providing a partial listing of
such statutes).

 In Mo. Pac. R.R. Co. v. Brownsville Navigation Dist., the Texas Supreme Court
construed a statute authorizing navigation districts to "sue or be sued" as sufficient to give
"general consent" to suits against such districts. 453 S.W.2d 812, 814 (Tex. 1970). 
However, this ruling was explicitly overruled in Tooke, which stated that such words "do
not, in and of themselves, waive immunity from suit." 197 S.W.3d at 328-29. (3) Instead, the
Tooke court held that the effect of a "sue and be sued" clause in an organic statute
depends on the context in which it is used. Id. at 337. The words can mean that immunity
is waived, but they can also mean only that a governmental entity, like others, has the
capacity to sue and be sued in its own name. Id.

 Rancho first contends that the Easement Agreement at issue was executed prior
to Tooke and that the law as elucidated in Mo. Pac. therefore controls. We disagree. A
decision of the supreme court operates retroactively unless the court exercises its
discretion to modify that application. Bowen v. Aetna Cas. & Sur. Co., 837 S.W.2d 99, 100
(Tex. 1992). Rancho cites a bill which eventually became the session law enacting the
relevant sections of the Texas Local Government Code, to bolster its assertion that "former
law applies." See Tex. H.B. 2039, 79th Leg., R.S. (2005). In fact, the enacting law states
that:

 Sections 271.152, 271.153, and 271.154, Local Government Code,
as added by this Act, apply to a claim that arises under a contract executed
before the effective date of this Act [September 1, 2005] only if sovereign
immunity has not been waived with respect to the claim before the effective
date of this Act. A claim that arises under a contract executed before the
effective date of this Act and with respect to which sovereign immunity has
been waived is governed by the law in effect on the date the contract was
executed, and the former law is continued in effect for that purpose.


Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 604 (current
version at Tex. Loc. Gov't Code §§ 271.152-.154).

 Immunity was not waived with respect to the claim at issue prior to September 1,
2005. (4) Finding no evidence that the supreme court modified the general rule that its
decision in Tooke should be applied retroactively, we conclude that the Tooke decision
does apply to the instant case and that the words "sue or be sued" in section 49.066(a) of
the Texas Water Code do not, by themselves, waive governmental immunity.

 In examining the context of section 49.066(a), Rancho further asserts that the
statute would be "rendered meaningless" if the "sue and be sued" language were not
interpreted as a waiver of immunity. (5) We disagree. The statute would still retain meaning
even if it were not construed as a waiver of immunity. That is because, if a water district
were a plaintiff in a suit concerning a contract--thereby waiving immunity regardless of
whether the statute is construed as a waiver in and of itself (6)--section 49.066(a) would still
provide meaning in that the defendant in such a case would only be able to assert a
counterclaim if the contract at issue was written and approved by the district's board. See
Tex. Water Code § 49.066(a).

 We conclude that section 49.066(a) of the Texas Water Code does not serve as a
clear and ambiguous waiver of governmental immunity. Accordingly, Valley MUD's first
issue is sustained.

2. Applicability of Texas Local Government Code to the Easement Agreement


 By its second issue, Valley MUD asserts that sections 271.151 through 271.160 of
the Texas Local Government Code do not apply to the Easement Agreement at issue. (7) 
See Tex. Loc. Gov't Code Ann. §§ 271.151-.160 (providing for a limited waiver of
governmental immunity).

 Section 271.152 provides as follows:

 A local governmental entity that is authorized by statute or the
constitution to enter into a contract and that enters into a contract subject to
this subchapter waives sovereign immunity to suit for the purpose of
adjudicating a claim for breach of the contract, subject to the terms and
conditions of this subchapter.


Id., § 271.152.

 If the Easement Agreement were a "contract subject to this subchapter" under the
definition provided in section 271.151, then section 271.152 would clearly and
unambiguously waive immunity with respect to governmental units such as Valley MUD. (8) 
A "contract subject to this subchapter" is defined as:

"a written contract stating the essential terms of the agreement for providing
goods or services to the local governmental entity that is properly executed
on behalf of the local governmental entity."


Id., § 271.151(3).

 Valley MUD contends that the Easement Agreement at issue is not subject to the
limited waiver of immunity contained in Chapter 271 because: (1) the Agreement was not
"properly executed on behalf" of Valley MUD; and (2) the Agreement did not constitute a
contract to "provid[e] goods or services" to Valley MUD.

 We are persuaded that the Easement Agreement is not a document of the type of
which the Legislature intended to give rise to a waiver of immunity with its enactment of
section 271.152. Rancho alleges that Valley MUD's board "approved" the Easement
Agreement, but Rancho does not dispute the fact that the Easement Agreement itself was
not "properly executed on behalf" of Valley MUD. Furthermore, the Easement Agreement
does not provide for any goods or services to be furnished to Valley MUD. See City of San
Antonio v. Reed S. Lehman Grain, Ltd., ___ S.W.3d ___, 2007 Tex. App. LEXIS 7515, at
*7 n.2 (Tex. App.-San Antonio Mar. 14, 2007, pet. denied) (finding sections 271.151-.160
to be inapplicable to an easement dedication contract, because it conveyed only an
interest in real property and was not an agreement for providing goods and services).

 Rancho's pleadings are insufficient to establish a waiver of immunity under section
271.152 of the Texas Local Government Code. Valley MUD's second issue is therefore
sustained.

III. Conclusion

 We conclude that Valley MUD's governmental immunity to suit has not been waived
by section 49.066 of the Texas Water Code or by section 271.152 of the Texas Local
Government Code. Given our conclusion, we need not reach Valley MUD's third issue
regarding the type of damages requested by Rancho. See Tex. R. App. P. 47.1.

 Moreover, given the undisputed nature of the Easement Agreement, no
amendments to Rancho's pleadings could cure its jurisdictional defects. (9)
 We therefore
reverse the order of the trial court and render a judgment dismissing the cause for want of
jurisdiction.


 __________________________

 DORI CONTRERAS GARZA,

 Justice


Memorandum Opinion delivered and 

filed this the 14th day of February, 2008.

1. Tex. Const. art. XVI, § 59.
2. See also City of LaPorte v. Barfield, 898 S.W.2d 288, 291 (Tex. 1995) ("'It is a well-established rule
that for the Legislature to waive the State's sovereign immunity, it must do so by clear and unambiguous
language.'") (citing Duhart v. State, 610 S.W.2d 740, 742 (Tex. 1980); Texas Prison Bd. v. Cabeen, 159
S.W.2d 523, 527-528 (Tex. Civ. App.-Beaumont 1942, writ ref'd); Welch v. State, 148 S.W.2d 876, 879 (Tex.
Civ. App.-Dallas 1941, writ ref'd)). The same rule applies to the waiver of immunity for other governmental
entities. City of LaPorte, 898 S.W.2d at 291. See United States v. Williams, 514 U.S. 527, 531 (1995) (stating
that in determining whether sovereign immunity has been waived, "[o]ur task is to discern the 'unequivocally
expressed' intent of Congress, construing ambiguities in favor of immunity").
3. To support this point, the court in Tooke v. City of Mexia referred to statutes using the "sue or be
sued" language which expressly retain or confer immunity. 197 S.W.3d 325, 340-341 (Tex. 2006) (citing Tex.
Educ. Code § 111.33 (providing that the Board of Regents of the University of Houston "has the power to sue
and be sued in the name of the University of Houston" but adds that "[n]othing in this section shall be
construed as granting legislative consent for suits against the board, the University of Houston system, or its
component institutions and entities except as authorized by law"); Tex. Health & Safety Code § 403.006
(creating the Texas Low-Level Radioactive Waste Disposal Compact Commission, providing that it "may 
[s]ue and be sued," and also stating that it "has governmental immunity")).
4. "[L]ocal governments now have, and have had, the limited immunity from suit on contract that the
Legislature believes they should have." Tooke, 197 S.W.3d at 346 (emphasis in original). 
5. 
Wichita Falls State Hosp. v. Taylor, 106 S.W.3d 692, 697 (Tex. 2003) ("we have found waiver when
the provision in question would be meaningless unless immunity were waived") (citing Kerrville State Hosp.
v. Fernandez, 28 S.W.3d 1, 8 (Tex. 2000)). The court in Kerrville found that the anti-retaliation provisions of
section 15(b) of the State Applications Act "would have no purpose if the Legislature did not intend to waive
immunity," in part because that statute "ma[de] a state entity a necessary party" to an anti-retaliation action. 
Kerrville, 28 S.W.3d at 8-9. The present case can be distinguished in that neither section 49.066 of the water
code nor chapter 271 of the local government code contemplate making a governmental entity a necessary
party to a lawsuit. See Tex. Water Code Ann. § 49.066 (Vernon 2000); Tex. Loc. Gov't Code Ann. §§
271.151-.160 (Vernon Supp. 2007).
6. See Ho v. Univ. of Tex. at Arlington, 984 S.W.2d 672, 683 (Tex. App.-Amarillo 1998, pet. denied)
("By independent research, the only exception we have found in which the State, by its own actions waives
immunity, is that which applies when the State initiates a suit.").
7. In its Fourth Amended Petition, Rancho appears to agree with Valley MUD that chapter 271 of the
Texas Local Government Code is inapplicable. However, in the interest of judicial economy, we will consider
here the issue of whether chapter 271 is properly applicable to the instant case.
8. See Bexar Metro. Water Dist. v. Educ. & Econ. Dev. Joint Venture, 220 S.W.3d 25, 32 (Tex.
App.-San Antonio 2006, pet. filed) (finding that section 271.152 "waives a water conservation district's
immunity from suit for breach of a written contract for goods and services," but that "[a] water conservation
district  remains immune from a suit for breach of a contract for the sale of real estate").
9. When a pleading cannot be cured of its jurisdictional defect, a plaintiff is not entitled to amend. Tex.
A&M Univ. System v. Koseoglu, 233 S.W.3d 835, 837 (Tex. 2007).