**Reversed and Rendered and Majority and Dissenting Opinions filed November 3, 2011.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔆𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

### NO. 14-10-01061-CV

**DIAMOND OFFSHORE (BERMUDA), LTD., Appellant**

**V.**

**SUZANNE ELISABETH HAAKSMAN AS BENEFICIARY OF ROBERT DUNCAN BURN QUINN, AND THOMAS JOSEPH MCCARTNEY,**
**Appellees**

**On Appeal from the 234th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2004-00307**

## MAJORITY OPINION

Diamond Offshore (Bermuda), Ltd. appeals the trial court's recognition, pursuant to the Texas Uniform Foreign Country Money-Judgments Recognition Act,[1] of two judgments rendered by a court in The Netherlands in favor of Duncan Burn Quinn and Thomas Joseph McCartney. Because we conclude that the trial court erred by denying Diamond Bermuda's motion for nonrecognition, we reverse and render.

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 36.001–.008 (West 2008).

BACKGROUND

Robert Duncan Burn Quinn and Thomas Joseph McCartney were employees of Diamond Offshore (Bermuda), Ltd. ("Diamond Bermuda"), working on an oil rig in the North Sea off the coast of The Netherlands. When Diamond Bermuda ceased operating the rig off the shore of The Netherlands, it offered Quinn and McCartney jobs on another rig. Instead of accepting the jobs, Quinn and McCartney filed suit against Diamond Bermuda in The Netherlands despite forum selection clauses contained in their written employment agreements with Diamond Bermuda providing for exclusive jurisdiction in Bermuda and the application of Bermuda law. The Dutch court rendered judgment in favor of Quinn and McCartney pursuant to Dutch law (the "Dutch judgments").

On January 7, 2004, Quinn and McCartney filed their notice of filing of the Dutch judgments in Harris County, asking the Texas district court to recognize those judgments against Diamond Bermuda.[2] On February 6, 2004, Diamond Bermuda filed a special appearance, motion to dismiss based on improper venue, motion to quash service, and motion for nonrecognition of foreign judgments.

On May 3, 2006, the trial court entered an order granting Diamond Bermuda's special appearance, and appellees appealed the judgment to this court. We reversed the judgment and remanded the case to the trial court. *See Haaksman v. Diamond Offshore (Bermuda), Ltd.*, 260 S.W.3d 476 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). We explained that the trial court may not review a foreign-country judgment in relation to any matter not specified in the Texas Uniform Foreign Country Money-Judgments Recognition Act ("UFCMJRA"). *Id.* at 480 (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 36.0044(g), 36.005). Therefore, we held that the court could not refuse recognition based on the Texas court's lack of personal jurisdiction over the judgment debtor because

---

[2] Appellees also asked the trial court to recognize the Dutch judgments against Diamond Offshore Drilling Netherlands, B.V. ("Diamond Netherlands"). Appellees, however, subsequently abandoned their claims against Diamond Netherlands, and the trial court ordered those claims dismissed with prejudice.

that is not one of the grounds for nonrecognition set forth in section 36.005 of the UFCMJRA. *Id.* The Texas Supreme Court denied Diamond Bermuda's petition for review.

On August 23, 2010, the trial court held a hearing on Diamond Bermuda's motion to quash service, motion to dismiss based on improper venue, and motion for nonrecognition and, on September 22, 2010, entered an order denying the motions and recognizing the Dutch judgments. In thirteen issues, Diamond Bermuda challenges the trial court's denial of its motions.

## ANALYSIS

Because it is dispositive of this appeal, we shall address Diamond Bermuda's twelfth issue. Diamond Bermuda contends that the trial court erred by denying its motion for nonrecognition because the Dutch proceeding was contrary to the forum-selection and choice-of-law clauses in the employment contracts. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 36.005(b)(5).

The UFCMJRA governs the recognition of foreign country money judgments. *Courage Co., LLC v. Chemshare Corp.*, 93 S.W.3d 323, 330 (Tex. App.—Houston [14th Dist.] 2002, no pet.). When recognition is not contested or a contest is overruled, a foreign-country judgment is conclusive between the parties to the extent that it grants recovery or denial of a sum of money. *Id.*; *Reading & Bates Constr. Co. v. Baker Energy Res. Corp.*, 976 S.W.2d 702, 706 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). It is enforceable in the same manner as a judgment of a sister state entitled to full faith and credit. *Courage Co.*, 93 S.W.3d at 330; *Reading & Bates Constr. Co.*, 976 S.W.2d at 706. The party seeking to avoid recognition has the burden of proving a ground for nonrecognition. *Courage Co.*, 93 S.W.3d at 331; *Dart v. Balaam*, 953 S.W.2d 478, 480 (Tex. App.—Fort Worth 1997, no writ). Unless the judgment debtor satisfies its burden of proof by establishing one or more of the specific grounds for nonrecognition, the court

3

is required to recognize the foreign judgment. *Courage Co.*, 93 S.W.3d at 331. We review a trial court's ruling on recognition of a foreign-country judgment de novo. *Sanchez v. Palau*, 317 S.W.3d 780, 785 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *Courage Co.*, 93 S.W.3d at 331.[3]

Section 36.0044(g) provides that "[t]he court may refuse recognition of the foreign judgment if the motions, affidavits, briefs, and other evidence before it establish grounds for nonrecognition as specified in Section 36.005." TEX. CIV. PRAC. & REM. CODE ANN. § 36.0044(g). Section 36.005 sets forth the exclusive grounds for nonrecognition of a foreign-country judgment. TEX. CIV. PRAC. & REM. CODE ANN. § 36.005. These are the only defenses available to a judgment debtor. *Courage Co.*, 93 S.W.3d at 330; *Dart*, 953 S.W.3d at 480. By limiting the defenses that the judgment debtor may raise, the UFCMJRA creates standards for recognizing judgments and prevents parties from relitigating issues that were conclusively settled by the foreign country court, unless such issues create an exception to recognition. *Beluga Chartering, B.V. v. Timber S.A.*, 294 S.W.3d 300, 304 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

A foreign-country judgment need not be recognized if "the proceeding in the foreign country was contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by proceedings in that court." TEX. CIV. PRAC. & REM. CODE ANN. § 36.005(b)(5); *see also Courage Co.*, 93 S.W.3d at 336 (holding that it was not error for the district court to grant the judgment debtor's motion for nonrecognition because the parties had agreed to arbitrate their disputes). Under the employment agreements, the parties "irrevocably consent[ed] in advance to the exclusive jurisdiction" of the Bermuda courts to hear and determine "any claims, disputes, suits, actions or proceedings . . . pertaining to this Agreement or to any matter relating to or

---

[3] Although section 36.0044(g) provides a court with "discretion" to refuse recognition, a trial court never has "discretion" to improperly determine the law or misapply the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

4

arising out of this Agreement." Therefore, according to Diamond Bermuda, the Dutch proceedings held in The Netherlands were contrary to the parties' agreements.

Appellees contend that Diamond Bermuda is required to show that the named forum recognizes the validity of forum-selection clauses. *See Barnett v. Network Solutions, Inc.*, 38 S.W.3d 200, 203 (Tex. App.—Eastland 2001, pet. denied) (citing *Sw. Intelecom, Inc. v. Hotel Networks Corp.*, 997 S.W.2d 322, 324 (Tex. App.—Austin 1999, pet. denied)). We do not agree that current Texas law requires Diamond Bermuda to make such a showing.

In 2004, the Texas Supreme Court adopted the federal approach set forth in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972), to determine the enforceability of forum-selection clauses. *See In re Automated Collection Techs., Inc.*, 156 S.W.3d 557, 559 (Tex. 2004) (orig. proceeding) (per curiam); *In re AIU Ins. Co.*, 148 S.W.3d 109, 111–14 (Tex. 2004) (orig. proceeding). Under the federal approach adopted by the Texas Supreme Court, forum-selection clauses are generally enforceable and presumptively valid. *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex. 2010) (orig. proceeding) (per curiam); *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 675 (Tex. 2009) (orig. proceeding) (per curiam). A trial court abuses its discretion in refusing to enforce a forum-selection clause unless the party opposing enforcement meets its heavy burden of showing that (1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial. *In re ADM Inv. Servs, Inc.*, 304 S.W.3d 371, 375 (Tex. 2010) (orig. proceeding).

Prior to the Texas Supreme Court's adoption of the federal approach, a number of Texas intermediate appellate court decisions had developed their own approach to the enforceability of forum-selection clauses. *In re Tyco Elecs. Power Sys.*, No. 05-04-01808, 2005 WL 237232, at *4 (Tex. App.—Dallas Feb. 2, 2005, orig. proceeding

5

[mand. denied]) (mem. op.); *see also Holeman v. Nat'l Bus. Inst., Inc.*, 94 S.W.3d 91, 97 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) ("Texas courts have developed their own approach to the enforceability of forum-selection clauses."). Under that approach, the moving party was required to show that the other forum recognized the validity of forum-selection clauses. *See, e.g.*, *Holeman*, 94 S.W.3d at 97; *Accelerated Christian Educ., Inc. v. Oracle*, 925 S.W.2d 66, 70 (Tex. App.—Dallas 1996, no writ). However, those cases, including the cases cited by appellees, predate the Texas Supreme Court's opinions in *AIU Insurance* and *Automated Collection Technologies* adopting the federal approach and do not reflect current Texas law. *In re Tyco Elecs. Power Sys.*, 2005 WL 237232, at *4. Therefore, under current Texas law, there is no requirement that Diamond Bermuda establish that Bermuda courts would recognize the validity of forum-selection clauses. *See Deep Water Slender Wells, Ltd. v. Shell Int'l Exploration & Prod., Inc.*, 234 S.W.3d 679, 695 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., Inc.*, 177 S.W.3d 605, 618 (Tex. App.—Houston [1st Dist.] 2005, no pet.).[4]

Appellees further contend that Diamond Bermuda is precluded from attacking the Dutch judgments because "[a] judgment debtor is precluded from collaterally attacking a foreign judgment when an issue was litigated before a foreign court or the party was given the opportunity to litigate the issue before that court." *Courage Co.*, 93 S.W.3d at 331 (citing *Dart*, 953 S.W.2d at 480).[5] We do not agree with appellees that Diamond

---

[4] Diamond Bermuda filed its motion for nonrecognition, and appellees filed their response to the motion, before the Texas Supreme Court issued its decisions in *AIU Insurance* and *Automated Collection Technologies* adopting the federal approach. A decision of the Texas Supreme Court operates retroactively unless the court exercises its discretion to modify its application. *Bowen v. Aetna Cas. & Sur. Co.*, 837 S.W.2d 99, 100 (Tex. 1992) (per curiam). Because there is nothing in *AUI Insurance* or *Automated Collection Technologies* indicating that the Texas Supreme Court intended for those decisions to apply only prospectively, we conclude that the court intended to apply those decisions retroactively. *See Pickett v. Tex. Mut. Ins. Co.*, 239 S.W.3d 826, 833 (Tex. App.—Austin 2007, no pet.); *Dees v. Bowles*, 907 S.W.2d 626, 627–28 (Tex. App.—Dallas 1995, no writ).

[5] Appellees do not dispute that "Diamond Bermuda previously made its forum-selection clause argument — in the Dutch court, and those arguments were found wanting."

Bermuda's having previously raised the forum-selection clauses in the Dutch proceedings precludes Diamond Bermuda from raising the clauses as a nonrecognition ground in the Texas proceeding. In *Beluga Chartering B.V.*, this court explained:

> In limiting the defenses that may be raised by a judgment debtor, the UFCMJRA creates standards for recognizing foreign judgments and prevents parties from relitigating issues that were conclusively settled by courts of foreign countries, *unless such issues create an exception to recognition*.

294 S.W.3d at 304 (emphasis added). Because one of the express statutory grounds for nonrecognition is "the proceeding in the foreign country was contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by proceedings in that court,"[6] Diamond Bermuda is not precluded from raising that issue in the recognition proceeding.[7]

In its response to Diamond Bermuda's motion for nonrecognition, appellees also argued that the forum-selection clause is not applicable because their recovery in the Dutch judgments did not arise out of the employment agreements, but from the Dutch "Employment in North Sea Mining Act."[8] We disagree. The forum-selection clause covers "claims, disputes, suits, actions or proceedings . . . brought against such party by the other party and pertaining to this Agreement or any matter relating to or arising out of

---

[6] TEX. CIV. PRAC. & REM. CODE ANN. § 36.005(b)(5).

[7] Moreover, in *Courage Co.*, we also stated a ground for nonrecognition may be waived if a party had the right to assert that ground as an objection or defense in the foreign country court but failed to do so. 93 S.W.3d at 331. If raising one of the section 36.005 nonrecognition grounds in a foreign country court proceeding were a bar to raising it as nonrecognition ground in the Texas proceeding, then the judgment debtor would never be able to challenge a foreign judgment on any of the express statutory nonrecognition grounds if the judgment debtor also waives such ground by not raising it the foreign country court proceeding. Indeed, "unless the judgment debtor satisfies his burden of proof by establishing one or more of the specific grounds for nonrecognition, the court is required to recognize the foreign country judgment." *Id.* Therefore, the prohibition from "collaterally attacking a foreign judgment when an issue was litigated before a foreign court" does not apply to one of the nonrecognition grounds set forth in section 36.005.

[8] Diamond Bermuda addresses this argument in its appellate brief. Although appellees raised this argument in the trial court, they do not address it in their appellate brief.

this Agreement." Appellees' claims for the termination of the employment contracts clearly fall within the scope of the forum-selection clauses. *See RSR Corp. v. Siegmund*, 309 S.W.3d 686, 701 (Tex. App.—Dallas 2010, no pet.) (interpreting the language, "any action or proceeding arising out of or relating to this Agreement," as broad and encompassing all claims that have some possible relationship with the agreement, including those claims that may only "relate to" the agreement); *see also TGI Friday's, Inc. v. Great Nw. Rests., Inc.*, 652 F. Supp. 2d 750, 759 (N.D. Tex. 2009) ("Forum selection clauses covering claims 'relating to' an agreement are broad in scope."). Thus, we conclude that the parties' forum selection clause does apply.

Finally, on the substantive question of nonrecognition under the forum-selection clause, Diamond Bermuda argues that appellees have not met their heavy burden to avoid the agreement. Specifically, Diamond Bermuda urges that appellees have not shown that trial in Bermuda would "be so gravely difficult and inconvenient that [they] will for all practical purposes be deprived of [their] day in court." *M/S Bremen*, 407 U.S. at 18. Appellees respond that Diamond Bermuda has no assets or presence in Bermuda, and "all of its officers are in Houston, where its business is controlled."[9] This evidence fails to address or satisfy their burden to show that a trial on their claims in Bermuda rather than in The Netherlands would have been so gravely difficult and inconvenient that for all practical purposes they would have been deprived of their day in court. *See In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 234 (Tex. 2008) (per curiam) ("By entering into an agreement with a forum-selection clause, the parties effectively represent to each other that the agreed forum is not so inconvenient that enforcing the clause will deprive either party of its day in court, whether for cost or other reasons."); *see also In re Laibe Corp.*, 307 S.W.3d at 317 (explaining that, absent proof of special and unusual circumstances, trial in another forum is not is not so gravely difficult and inconvenient as to warrant disregarding the contractually-specified forum); *In re Int'l Profit Assocs., Inc.*, 274

_____

[9] Appellees appear to be addressing the issue as if they had to show that a trial in Bermuda would be seriously inconvenient when compared to Texas, rather than The Netherlands.

S.W.3d at 680 ("[I]t is not a special or unusual circumstance for many, or even most, of fact witnesses in a lawsuit to reside somewhere other than in the area where the suit is brought.").

Although the statute affords the trial court certain discretion regarding the recognition of foreign-country judgments, Texas law requires this court review the exercise of such discretion de novo. The facial incongruity of these standards is of no consequence in this case, however. Whether we apply a de novo standard or an abuse of discretion standard to the trial court's determination in this case, our conclusion is the same because the trial court does not have discretion to improperly determine the law or misapply the law to the facts. *See Walker*, 927 S.W.2d at 840; *Sanchez*, 317 S.W.3d at 785 n.13. Here, the trial court abused its discretion by failing to properly analyze the forum-selection clauses.

We sustain Diamond Bermuda's twelfth issue.[10]

Accordingly, we reverse the trial court's judgment denying Diamond Bermuda's motion for nonrecognition and recognizing the Dutch judgments and render judgment that the Dutch judgments not be recognized.


/s/         Sharon McCally
                   Justice

Panel consists of Justices Frost, Jamison, and McCally. (Frost, J., dissenting).

---

[10] In light of our disposition of Diamond Bermuda's appeal on this issue, we need not address Diamond Bermuda's issues challenging the denial of its motion to quash service and motion to dismiss based on improper venue.