DIAMOND OFFSHORE (BERMUDA), LTD., Appellant,

v.

Suzanne Elisabeth HAAKSMAN as Beneficiary of Robert Duncan Burn Quinn, and Thomas Joseph McCartney, Appellees.

No. 14–10–01061–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 3, 2011.

Ronald Wayne Chapman, Jr., Dallas, TX, for appellant.

Patrick M. Flynn, Houston, TX, for appellees.

Panel consists of Justices FROST, JAMISON, and McCALLY.

## OPINION

SHARON McCALLY, Justice.

Diamond Offshore (Bermuda), Ltd. appeals the trial court's recognition, pursuant to the Texas Uniform Foreign Country Money–Judgments Recognition Act,[1] of two judgments rendered by a court in The Netherlands in favor of Duncan Burn Quinn and Thomas Joseph McCartney. Because we conclude that the trial court erred by denying Diamond Bermuda's motion for nonrecognition, we reverse and render.

### BACKGROUND

Robert Duncan Burn Quinn and Thomas Joseph McCartney were employees of Diamond Offshore (Bermuda), Ltd. ("Diamond Bermuda"), working on an oil rig in the North Sea off the coast of The Netherlands. When Diamond Bermuda ceased operating the rig off the shore of The Netherlands, it offered Quinn and McCartney jobs on another rig. Instead of accepting the jobs, Quinn and McCartney filed suit against Diamond Bermuda in The Netherlands despite forum selection clauses contained in their written employment agreements with Diamond Bermuda providing for exclusive jurisdiction in Bermuda and the application of Bermuda law. The Dutch court rendered judgment in favor of Quinn and McCartney pursuant to Dutch law (the "Dutch judgments").

On January 7, 2004, Quinn and McCartney filed their notice of filing of the Dutch judgments in Harris County, asking the Texas district court to recognize those judgments against Diamond Bermuda.[2] On February 6, 2004, Diamond Bermuda filed a special appearance, motion to dismiss based on improper venue, motion to quash service, and motion for nonrecognition of foreign judgments.

On May 3, 2006, the trial court entered an order granting Diamond Bermuda's special appearance, and appellees appealed the judgment to this court. We reversed the judgment and remanded the case to the trial court. *See Haaksman v. Diamond Offshore (Bermuda), Ltd.*, 260 S.W.3d 476 (Tex.App.-Houston [14th Dist.] 2008, pet. denied). We explained that the trial court may not review a foreign-country judgment in relation to any matter not specified in the Texas Uniform Foreign Country Money–Judgments Recognition Act ("UFCMJRA"). *Id.* at 480 (citing TEX. CIV. PRAC. & REM.CODE ANN. §§ 36.0044(g), 36.005). Therefore, we held that the court could not refuse recognition based on the Texas court's lack of personal jurisdiction over the judgment debtor because that is not one of the grounds for nonrecognition set forth in section 36.005 of the UFCMJRA. *Id.* The Texas Supreme Court denied Diamond Bermuda's petition for review.

On August 23, 2010, the trial court held a hearing on Diamond Bermuda's motion to quash service, motion to dismiss based on improper venue, and motion for nonrecognition and, on September 22, 2010, entered an order denying the motions and recognizing the Dutch judgments. In thir-

---

1. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 36.001–.008 (West 2008).

2. Appellees also asked the trial court to recognize the Dutch judgments against Diamond Offshore Drilling Netherlands, B.V. ("Diamond Netherlands"). Appellees, however, subsequently abandoned their claims against Diamond Netherlands, and the trial court ordered those claims dismissed with prejudice.

teen issues, Diamond Bermuda challenges the trial court's denial of its motions.

### ANALYSIS

Because it is dispositive of this appeal, we shall address Diamond Bermuda's twelfth issue. Diamond Bermuda contends that the trial court erred by denying its motion for nonrecognition because the Dutch proceeding was contrary to the forum-selection and choice-of-law clauses in the employment contracts. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 36.005(b)(5).

 The UFCMJRA governs the recognition of foreign country money judgments. *Courage Co., L.L.C. v. Chemshare Corp.*, 93 S.W.3d 323, 330 (Tex.App.-Houston [14th Dist.] 2002, no pet.). When recognition is not contested or a contest is overruled, a foreign-country judgment is conclusive between the parties to the extent that it grants recovery or denial of a sum of money. *Id.; Reading & Bates Constr. Co. v. Baker Energy Res. Corp.*, 976 S.W.2d 702, 706 (Tex.App.-Houston [1st Dist.] 1998, pet. denied). It is enforceable in the same manner as a judgment of a sister state entitled to full faith and credit. *Courage Co.*, 93 S.W.3d at 330; *Reading & Bates Constr. Co.*, 976 S.W.2d at 706. The party seeking to avoid recognition has the burden of proving a ground for nonrecognition. *Courage Co.*, 93 S.W.3d at 331; *Dart v. Balaam*, 953 S.W.2d 478, 480 (Tex.App.-Fort Worth 1997, no writ). Unless the judgment debtor satisfies its burden of proof by establishing one or more of the specific grounds for nonrecognition, the court is required to recognize the foreign judgment. *Courage Co.*, 93 S.W.3d at 331. We review a trial court's ruling on recognition of a foreign-country judgment de novo. *Sanchez v. Palau*, 317 S.W.3d 780, 785 (Tex.App.-Houston [1st Dist.] 2010, pet. denied); *Courage Co.*, 93 S.W.3d at 331.[3]

 Section 36.0044(g) provides that "[t]he court may refuse recognition of the foreign judgment if the motions, affidavits, briefs, and other evidence before it establish grounds for nonrecognition as specified in Section 36.005." TEX. CIV. PRAC. & REM.CODE ANN. § 36.0044(g). Section 36.005 sets forth the exclusive grounds for nonrecognition of a foreign-country judgment. TEX. CIV. PRAC. & REM.CODE ANN. § 36.005. These are the only defenses available to a judgment debtor. *Courage Co.*, 93 S.W.3d at 330; *Dart*, 953 S.W.3d at 480. By limiting the defenses that the judgment debtor may raise, the UFCMJRA creates standards for recognizing judgments and prevents parties from relitigating issues that were conclusively settled by the foreign country court, unless such issues create an exception to recognition. *Beluga Chartering, B.V. v. Timber S.A.*, 294 S.W.3d 300, 304 (Tex.App.-Houston [14th Dist.] 2009, no pet.).

 A foreign-country judgment need not be recognized if "the proceeding in the foreign country was contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by proceedings in that court." TEX. CIV. PRAC. & REM.CODE ANN. § 36.005(b)(5); *see also Courage Co.*, 93 S.W.3d at 336 (holding that it was not error for the district court to grant the judgment debtor's motion for nonrecognition because the parties had agreed to arbitrate their disputes). Under the employment agreements, the parties "irrevo-

---

**3.** Although section 36.0044(g) provides a court with "discretion" to refuse recognition, a trial court never has "discretion" to improperly determine the law or misapply the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding).

cably consent[ed] in advance to the exclusive jurisdiction" of the Bermuda courts to hear and determine "any claims, disputes, suits, actions or proceedings . . . pertaining to this Agreement or to any matter relating to or arising out of this Agreement." Therefore, according to Diamond Bermuda, the Dutch proceedings held in The Netherlands were contrary to the parties' agreements.

Appellees contend that Diamond Bermuda is required to show that the named forum recognizes the validity of forum-selection clauses. *See Barnett v. Network Solutions, Inc.*, 38 S.W.3d 200, 203 (Tex. App.-Eastland 2001, pet. denied) (citing *Sw. Intelecom, Inc. v. Hotel Networks Corp.*, 997 S.W.2d 322, 324 (Tex.App.-Austin 1999, pet. denied)). We do not agree that current Texas law requires Diamond Bermuda to make such a showing.

In 2004, the Texas Supreme Court adopted the federal approach set forth in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), to determine the enforceability of forum-selection clauses. *See In re Automated Collection Techs., Inc.*, 156 S.W.3d 557, 559 (Tex.2004) (orig. proceeding) (per curiam); *In re AIU Ins. Co.*, 148 S.W.3d 109, 111–14 (Tex.2004) (orig. proceeding). Under the federal approach adopted by the Texas Supreme Court, forum-selection clauses are generally enforceable and presumptively valid. *In re Laibe Corp.*, 307 S.W.3d 314, 316 (Tex.2010) (orig. proceeding) (per curiam); *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d 672, 675 (Tex.2009) (orig. proceeding) (per curiam). A trial court abuses its discretion in refusing to enforce a forum-selection clause unless the party opposing enforcement meets its heavy burden of showing that (1) enforcement would be unreasonable or unjust, (2) the clause is invalid for reasons of fraud or overreaching, (3) enforcement would contravene a strong public policy of the forum where the suit was brought, or (4) the selected forum would be seriously inconvenient for trial. *In re ADM Inv. Servs., Inc.*, 304 S.W.3d 371, 375 (Tex.2010) (orig. proceeding).

Prior to the Texas Supreme Court's adoption of the federal approach, a number of Texas intermediate appellate court decisions had developed their own approach to the enforceability of forum-selection clauses. *In re Tyco Elecs. Power Sys.*, No. 05–04–01808, 2005 WL 237232, at *4 (Tex. App.-Dallas Feb. 2, 2005, orig. proceeding [mand. denied] ) (mem. op.); *see also Holeman v. Nat'l Bus. Inst., Inc.*, 94 S.W.3d 91, 97 (Tex.App.-Houston [14th Dist.] 2002, pet. denied) ("Texas courts have developed their own approach to the enforceability of forum-selection clauses."). Under that approach, the moving party was required to show that the other forum recognized the validity of forum-selection clauses. *See, e.g., Holeman*, 94 S.W.3d at 97; *Accelerated Christian Educ., Inc. v. Oracle Corp.*, 925 S.W.2d 66, 70 (Tex.App.-Dallas 1996, no writ). However, those cases, including the cases cited by appellees, predate the Texas Supreme Court's opinions in *AIU Insurance* and *Automated Collection Technologies* adopting the federal approach and do not reflect current Texas law. *In re Tyco Elecs. Power Sys.*, 2005 WL 237232, at *4. Therefore, under current Texas law, there is no requirement that Diamond Bermuda establish that Bermuda courts would recognize the validity of forum-selection clauses. *See Deep Water Slender Wells, Ltd. v. Shell Int'l Exploration & Prod., Inc.*, 234 S.W.3d 679, 695 (Tex.App.-Houston [14th Dist.] 2007, pet. denied); *Phoenix Network Techs. (Europe) Ltd. v. Neon Sys., Inc.*, 177 S.W.3d 605, 618 (Tex.App.-Houston [1st Dist.] 2005, no pet.).[4]

---

4. Diamond Bermuda filed its motion for non-

recognition, and appellees filed their response

■ Appellees further contend that Diamond Bermuda is precluded from attacking the Dutch judgments because "[a] judgment debtor is precluded from collaterally attacking a foreign judgment when an issue was litigated before a foreign court or the party was given the opportunity to litigate the issue before that court." *Courage Co.*, 93 S.W.3d at 331 (citing *Dart,* 953 S.W.2d at 480).[5] We do not agree with appellees that Diamond Bermuda's having previously raised the forum-selection clauses in the Dutch proceedings precludes Diamond Bermuda from raising the clauses as a nonrecognition ground in the Texas proceeding. In *Beluga Chartering B.V.,* this court explained:

> In limiting the defenses that may be raised by a judgment debtor, the UFCMJRA creates standards for recognizing foreign judgments and prevents parties from relitigating issues that were conclusively settled by courts of foreign

countries, *unless such issues create an exception to recognition.*

294 S.W.3d at 304 (emphasis added). Because one of the express statutory grounds for nonrecognition is "the proceeding in the foreign country was contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by proceedings in that court,"[6] Diamond Bermuda is not precluded from raising that issue in the recognition proceeding.[7]

■ In its response to Diamond Bermuda's motion for nonrecognition, appellees also argued that the forum-selection clause is not applicable because their recovery in the Dutch judgments did not arise out of the employment agreements, but from the Dutch "Employment in North Sea Mining Act."[8] We disagree. The forum-selection clause covers "claims, disputes, suits, actions or proceedings ...

---

to the motion, before the Texas Supreme Court issued its decisions in *AIU Insurance* and *Automated Collection Technologies* adopting the federal approach. A decision of the Texas Supreme Court operates retroactively unless the court exercises its discretion to modify its application. *Bowen v. Aetna Cas. & Sur. Co.*, 837 S.W.2d 99, 100 (Tex.1992) (per curiam). Because there is nothing in *AIU Insurance* or *Automated Collection Technologies* indicating that the Texas Supreme Court intended for those decisions to apply only prospectively, we conclude that the court intended to apply those decisions retroactively. *See Pickett v. Tex. Mut. Ins. Co.*, 239 S.W.3d 826, 833 (Tex.App.-Austin 2007, no pet.); *Dees v. Bowles*, 907 S.W.2d 626, 627–28 (Tex.App.-Dallas 1995, no writ).

5. Appellees do not dispute that "Diamond Bermuda previously made its forum-selection clause argument—in the Dutch court, and those arguments were found wanting."

6. Tex. Civ. Prac. & Rem.Code Ann. § 36.005(b)(5).

7. Moreover, in *Courage Co.*, we also stated a ground for nonrecognition may be waived if a party had the right to assert that ground as an

objection or defense in the foreign country court but failed to do so. 93 S.W.3d at 331. If raising one of the section 36.005 nonrecognition grounds in a foreign country court proceeding were a bar to raising it as nonrecognition ground in the Texas proceeding, then the judgment debtor would never be able to challenge a foreign judgment on any of the express statutory nonrecognition grounds if the judgment debtor also waives such ground by not raising it the foreign country court proceeding. Indeed, "unless the judgment debtor satisfies his burden of proof by establishing one or more of the specific grounds for nonrecognition, the court is required to recognize the foreign country judgment." *Id.* Therefore, the prohibition from "collaterally attacking a foreign judgment when an issue was litigated before a foreign court" does not apply to one of the nonrecognition grounds set forth in section 36.005.

8. Diamond Bermuda addresses this argument in its appellate brief. Although appellees raised this argument in the trial court, they do not address it in their appellate brief.

brought against such party by the other party and pertaining to this Agreement or any matter relating to or arising out of this Agreement." Appellees' claims for the termination of the employment contracts clearly fall within the scope of the forum-selection clauses. *See RSR Corp. v. Siegmund*, 309 S.W.3d 686, 701 (Tex.App.-Dallas 2010, no pet.) (interpreting the language, "any action or proceeding arising out of or relating to this Agreement," as broad and encompassing all claims that have some possible relationship with the agreement, including those claims that may only "relate to" the agreement); *see also TGI Friday's, Inc. v. Great Nw. Rests., Inc.*, 652 F.Supp.2d 750, 759 (N.D.Tex.2009) ("Forum selection clauses covering claims 'relating to' an agreement are broad in scope."). Thus, we conclude that the parties' forum selection clause does apply.

██ Finally, on the substantive question of nonrecognition under the forum-selection clause, Diamond Bermuda argues that appellees have not met their heavy burden to avoid the agreement. Specifically, Diamond Bermuda urges that appellees have not shown that trial in Bermuda would "be so gravely difficult and inconvenient that [they] will for all practical purposes be deprived of [their] day in court." *M/S Bremen*, 407 U.S. at 18, 92 S.Ct. 1907. Appellees respond that Diamond Bermuda has no assets or presence in Bermuda, and "all of its officers are in Houston, where its business is controlled." [9] This evidence fails to address or satisfy their burden to show that a trial on their claims in Bermuda rather than in The Netherlands would have been so gravely difficult and inconvenient that for

all practical purposes they would have been deprived of their day in court. *See In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 234 (Tex.2008) (per curiam) ("By entering into an agreement with a forum-selection clause, the parties effectively represent to each other that the agreed forum is not so inconvenient that enforcing the clause will deprive either party of its day in court, whether for cost or other reasons."); *see also In re Laibe Corp.*, 307 S.W.3d at 317 (explaining that, absent proof of special and unusual circumstances, trial in another forum is not is not so gravely difficult and inconvenient as to warrant disregarding the contractually-specified forum); *In re Int'l Profit Assocs., Inc.*, 274 S.W.3d at 680 ("[I]t is not a special or unusual circumstance for many, or even most, of fact witnesses in a lawsuit to reside somewhere other than in the area where the suit is brought.").

Although the statute affords the trial court certain discretion regarding the recognition of foreign-country judgments, Texas law requires this court review the exercise of such discretion de novo. The facial incongruity of these standards is of no consequence in this case, however. Whether we apply a de novo standard or an abuse of discretion standard to the trial court's determination in this case, our conclusion is the same because the trial court does not have discretion to improperly determine the law or misapply the law to the facts. *See Walker*, 827 S.W.2d at 840; *Sanchez*, 317 S.W.3d at 785 n. 13. Here, the trial court abused its discretion by failing to properly analyze the forum-selection clauses.

We sustain Diamond Bermuda's twelfth issue.[10]

---

9. Appellees appear to be addressing the issue as if they had to show that a trial in Bermuda would be seriously inconvenient when compared to Texas, rather than The Netherlands.

10. In light of our disposition of Diamond Bermuda's appeal on this issue, we need not address Diamond Bermuda's issues challenging the denial of its motion to quash service

Accordingly, we reverse the trial court's judgment denying Diamond Bermuda's motion for nonrecognition and recognizing the Dutch judgments and render judgment that the Dutch judgments not be recognized.

FROST, J., dissenting.

KEM THOMPSON FROST, Justice, dissenting.

Under the unambiguous language of the Uniform Foreign Country Money Judgments Recognition Act, even if the evidence proves one or more of the discretionary grounds for nonrecognition, courts have discretion to recognize a foreign-country judgment based upon other factors in the case. The evidence in the record reflects that in two lawsuits in The Netherlands, the defendant failed to seek dismissal based upon the forum-selection clauses in its contracts with each plaintiff. Therefore, even though litigation in The Netherlands was contrary to these forum-selection clauses, this court should exercise its discretion to determine that the defendant's nonrecognition motions under section 36.005(b)(5) should be denied.

## BACKGROUND

Duncan Burn Quinn and Thomas Joseph McCartney (hereinafter collectively, the "Employees") sued their former employer, appellant Diamond Offshore (Bermuda), Ltd. (hereinafter, the "Company") in a court in The Netherlands.[1] The Dutch court rendered two money judgments in favor of each of the Employees and against the Company. Each of the Employees sought to enforce his Dutch judgment in

Texas under the provisions of the Uniform Foreign Country Money Judgments Recognition Act, contained in Chapter 36 of the Texas Civil Practice and Remedies Code (hereinafter, the "Uniform Act").[2] See Tex. Civ. Prac. & Rem.Code Ann. §§ 36.001–.008 (West 2008). The trial court granted recognition to the Dutch judgments under this statute.

The Company appeals from the trial court's order, challenging, among other things, the trial court's denial of the Company's motion for nonrecognition of each of the Dutch judgments under section 36.0044 of the Uniform Act. See Tex. Civ. Prac. & Rem.Code Ann. § 36.0044 (West 2008). Our record contains the two Dutch judgments and a certified translation of these judgments into the English language. Except for these judgments, our record contains no document filed in these two lawsuits in The Netherlands, nor does our record contain copies of any party's pleadings, briefs, or other documents submitted in the Dutch lawsuits. If any hearing occurred before the Dutch court in either case, no transcript from that hearing is in our record. Our record contains a brief affidavit from a lawyer who represented the Company in the Dutch lawsuits, but this affidavit does not address any issue relating to the nonrecognition ground in section 36.005(b)(5). The language of the two Dutch judgments is substantially similar in most respects. In these judgments, the Dutch court states in pertinent part as follows:

- From 1987 through 1999, Quinn was a resident of The Netherlands working on a fixed drilling platform on

and motion to dismiss based on improper venue.

1. McCartney is an appellee in the case under review. The other appellee is Suzanne Elisabeth Haaksman, as beneficiary of Robert

Duncan Burn Quinn, who was substituted in for Quinn after his death.

2. Unless otherwise specified, all statutory references in this opinion are to the Texas Civil Practice and Remedies Code.

the Outer Continental Shelf off the coast of The Netherlands.

- From 1988 through 1999, McCartney was a resident of The Netherlands working on a fixed drilling platform on the Outer Continental Shelf off the coast of The Netherlands.

- The Employees began working for the Company on this platform in 1998.

- Each of the Employees had a written employment contract with the Company.

- Under each contract, the respective employee makes himself available to work for the Company anywhere in the world.

- When the Company's contract to provide workers on the platform ended, the Company terminated the Employees' contracts after they refused to relocate to work for the Company on a platform off the coast of Africa.

- The Employees asserted claims for damages under the laws of The Netherlands against the Company and Diamond Offshore Drilling (Netherlands) B.V. (hereinafter, "Dutch Affiliate").

- In the context of their argument that the Company, rather than the Dutch Affiliate, was the employer of the Employees, the Company noted that each employment contract "states, as choice of applicable law and jurisdiction, the laws of the Bermuda Islands and the Court [sic] of Bermuda, respectively."

- The Dutch court concluded that the Company was the employer of the Employees.

- The Dutch court also addressed "which legal system governs the employment contract" between the Company and the Employees. Based upon a Dutch statute, the

Dutch court concluded that, because the Employees worked on a platform on the Outer Continental Shelf off the coast of The Netherlands, the law of The Netherlands applied to the Employees' contracts, notwithstanding the parties' choice of Bermuda law.

- The Dutch court concluded that the Company was liable to the Employees for money damages under the law of The Netherlands.

## GROUNDS FOR NONRECOGNITION UNDER THE UNIFORM ACT

Under the Uniform Act, the trial court "may refuse recognition of the foreign country judgment if the motions, affidavits, briefs, and other evidence before it establish grounds for nonrecognition as specified in Section 36.005." TEX. CIV. PRAC. & REM.CODE ANN. § 36.0044(g). Under section 36.005, entitled "Grounds for Nonrecognition," "a foreign country judgment is not conclusive if:

(1) the judgment was rendered under a system that does not provide impartial tribunals or procedures compatible with the requirements of due process of law;

(2) the foreign country court did not have personal jurisdiction over the defendant; or

(3) the foreign country court did not have jurisdiction over the subject matter."

Tex. Civ. Prac. & Rem.Code Ann. § 36.005(a). These three bases for not recognizing a foreign-country judgment are the "mandatory grounds for nonrecognition." *See Beluga Chartering, B.V. v. Timber S.A.*, 294 S.W.3d 300, 304 (Tex. App.-Houston [14th Dist.] 2009, no pet.) (referring to these grounds as the "mandatory grounds for nonrecognition"); Uniform Foreign Country Money Judgments Recognition Act, § 4, cmt. 3, 13 Pt. II U.L.A. 18, 27 (Supp. 2011) (referring to

these grounds as "mandatory grounds for denying recognition to a foreign-country money judgment").

Under section 36.005, "a foreign country judgment *need not* be recognized if:

(1) the defendant in the proceedings in the foreign country court did not receive notice of the proceedings in sufficient time to defend;

(2) the judgment was obtained by fraud;

(3) the cause of action on which the judgment is based is repugnant to the public policy of this state;

(4) the judgment conflicts with another final and conclusive judgment;

(5) *the proceeding in the foreign country court was contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by proceedings in that court;*

(6) in the case of jurisdiction based only on personal service, the foreign country court was a seriously inconvenient forum for the trial of the action; or

(7) it is established that the foreign country in which the judgment was rendered does not recognize judgments rendered in this state that, but for the fact that they are rendered in this state, conform to the definition of 'foreign country judgment.'"

Tex. Civ. Prac. & Rem.Code Ann. § 36.005(b) (emphasis added). These seven bases for not recognizing a foreign-country judgment are the "discretionary grounds for nonrecognition." *See Beluga Chartering*, 294 S.W.3d at 304 (referring to these grounds as the "discretionary grounds for nonrecognition"); Uniform Foreign Country Money Judgments Rec-

ognition Act, § 4, cmt. 3, 13 Pt. II U.L.A. at 27 (stating that the forum court has discretion to decide whether to refuse recognition based upon one of the discretionary grounds).

**It is presumed that this court reviews the trial court's ruling under a de novo standard of review.**

In a prior case, this court stated that a trial court's ruling on a motion for nonrecognition of a foreign-country judgment is reviewed de novo. *See Courage Co., L.L.C. v. Chemshare Corp.*, 93 S.W.3d 323, 331 (Tex.App.-Houston [14th Dist.] 2002, no pet.). In this dissenting opinion, it is presumed that this statement is part of the holding in *Courage Co.* and that this court reviews de novo all aspects of a trial court's ruling on a motion for nonrecognition. Under such a review, this court examines the record before the trial court and conducts its own analysis as to whether the motion for nonrecognition should have been granted, using the same legal standard applicable to the trial court's ruling and giving no deference to the trial court's ruling.[3] *See Doggett v. Robinson*, 345 S.W.3d 94, 98 (Tex.App.-Houston [14th Dist.] 2011, no pet.) (describing nature of appellate court's de novo review of trial court's summary judgment). This raises the issue of what legal standard applies to the trial court's ruling.

**Under the Uniform Act, courts have discretion to recognize a foreign-country judgment even if the evidence proves one of the discretionary grounds for nonrecognition.**

In construing a statute, this court's objective is to determine and give effect to

---

**3.** It is somewhat unusual for the reviewing court to conduct a de novo review of a discretionary decision by the trial court. Nonetheless, it is possible for an appellate court to do so. For example, from 1991 through 2006, the Supreme Court of Texas required appellate courts to review de novo the trial court's

factual determinations relating to the issue of whether a claimant was required to segregate attorney's fees. *See Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10–12 (Tex.1991), *overruled in part by, Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 312–14 (Tex.2006).

the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen,* 15 S.W.3d 525, 527 (Tex.2000). We must ascertain that intent, if possible, from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id.* If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor,* 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose. *See id.* The court gleans the legislative intent by reviewing the statute as a whole; a statute is interpreted to give effect to every part of the whole. *State ex rel. State Dep't of Highways & Public Transp. v. Gonzalez,* 82 S.W.3d 322, 327 (Tex.2002).

If the evidence before the trial court proves one of the three mandatory grounds in section 36.005(a), then the trial court has no discretion and must grant the judgment debtor's motion for nonrecognition. *See* Tex. Civ. Prac. & Rem.Code Ann. § 36.005(a); Uniform Foreign Country Money Judgments Recognition Act, § 4, cmt. 3, 13 Pt. II U.L.A. at 27. If none of the mandatory grounds for nonrecognition apply and if the evidence before the trial court proves one or more of the seven discretionary grounds in section 36.005(b), then the trial court "need not" recognize the foreign-country judgment. But, under the unambiguous language of the Uniform Act, the trial court also has discretion to recognize the foreign-country judgment. *See Iliff v. Iliff,* 339 S.W.3d 74, 81 (Tex. 2011) (holding that "may" as used in statute gave the trial court authority or permission); *Ingersoll Milling Mach. Co. v. Granger,* 833 F.2d 680, 688 (7th Cir.1987) (concluding that a court has discretion to recognize a foreign-country judgment,

even if the evidence proves one or more of the discretionary grounds for nonrecognition); *Society of Lloyd's v. Mullin,* 255 F.Supp.2d 468, 473, 474 (E.D.Pa.2003) (stating that Pennsylvania version of Uniform Act gives the court discretion to recognize a foreign-country judgment even if a discretionary ground is shown), *aff'd,* 96 Fed.Appx. 100 (3d Cir.2004). As the United States Court of Appeals for the Seventh Circuit has observed in applying the Illinois version of the Uniform Act:

> The language of subparagraph (b) is not mandatory, but rather optional. In other words, even if [the judgment debtor's] arguments with respect to the provisions of subparagraph (b) were valid, the statute does not require the district court to deny recognition of the judgment; it simply provides that it "may" deny recognition of that judgment.

*Id.* The Seventh Circuit noted that the trial court had concluded that it would not grant the motion for nonrecognition, even if one of the discretionary grounds were present. *Id.* In its appellate review, the Seventh Circuit stated that on the record presented it agreed with the district court's analysis. *Id.* The Seventh Circuit further stated that the district court's decision could not be characterized as an abuse of discretion. *Id.*

In a comment to the current version of the Uniform Foreign Country Money Judgments Recognition Act, the National Conference of Commissioners on Uniform State Laws states that "the forum court has discretion to decide whether or not to refuse recognition based on one of these [discretionary] grounds." Uniform Foreign Country Money Judgments Recognition Act, § 4, cmt. 3, 13 Pt. II U.L.A. at 27. In another comment, the Conference states that, even if the judgment debtor proves one of the discretionary grounds for nonrecognition, a court may exercise

its discretion to recognize a foreign-country judgment based upon "other factors in the particular case." Uniform Foreign Country Money Judgments Recognition Act, § 4, cmt. 12, 13 Pt. II U.L.A. 18, 29–30 (Supp. 2011). The Conference gives as an example of such other factors the failure of the judgment debtor to raise the matter in question on appeal from the foreign-country judgment in the foreign country despite the availability of an adequate appellate remedy. *See id.*

Notably, for section 36.005(b)(5) to apply, the judgment debtor need not have sought dismissal of the case in the foreign country based upon the forum-selection clause. *See* Tex. Civ. Prac. & Rem.Code Ann. § 36.005(b). In addition, even if the forum-selection clauses at issue are unenforceable under the *Bremen* analysis, section 36.005(b)(5) still would apply because the foreign-court proceedings still would be contrary to a valid agreement between the parties under which the dispute in question was to be settled otherwise than by litigation in The Netherlands. *See id.; M/S Bremen v. Zapata Off–Shore Co.,* 407 U.S. 1, 10–19, 92 S.Ct. 1907, 1913–18, 32 L.Ed.2d 513 (1972) (stating that a forum-selection clause may be held invalid upon a showing of fraud, undue influence, or overweening bargaining power, and that a valid forum-selection clause is still unenforceable upon a showing that (1) enforcement of the clause would contravene a strong public policy of the forum in which suit was filed or (2) the balance of convenience is strongly in favor of litigation in the forum in which suit was filed, and litigation in the forum identified in the clause would be so manifestly and gravely inconvenient to the resisting party that the resisting party effectively would be deprived of a meaningful day in court); *In re AIU Ins. Co.,* 148 S.W.3d 109, 111–12 (Tex.2004) (adopting *Bremen* analysis under Texas law); *Deep Water Slender Wells, Ltd. v. Shell Int'l Exploration & Prod., Inc.,* 234 S.W.3d 679, 692–93 (Tex.App.-Houston [14th Dist.] 2007, pet. denied) (addressing *Bremen* legal standard).

Accordingly, despite the applicability of a forum-selection clause under section 36.005(b)(5), the trial court and this court have discretion to recognize a foreign-country judgment based upon other factors such as (1) the judgment debtor's failure to seek dismissal of the foreign proceeding in the foreign trial court based upon the forum-selection clause, (2) the judgment debtor's failure to raise the matter in question on appeal from the foreign-country judgment in the foreign country, despite the availability of an adequate appellate remedy, and (3) evidence upon which the foreign court reasonably could have determined that the forum-selection clause was unenforceable under the *Bremen* analysis. *See Ingersoll Milling Mach. Co.,* 833 F.2d at 688; *Society of Lloyd's,* 255 F.Supp.2d at 474; Uniform Foreign Country Money Judgments Recognition Act, § 4, cmt. 12, 13 Pt. II U.L.A. at 29–30.

**Under a de novo review, this court should exercise its discretion to conclude that the nonrecognition motions should be denied to the extent the former employer asserts the ground in section 36.005(b)(5).**

The evidence before the trial court showed that the proceedings in the Dutch court were contrary to the forum-selection clause in each employment agreement, under which the disputes in question were to be settled by litigation in Bermuda. Though the trial court had discretion to grant the Company's nonrecognition motions on this ground, the trial court exercised its discretion to deny these motions. A factor that supports this exercise of discretion is the Company's failure to seek

dismissal of the Dutch lawsuits based upon the forum-selection clauses.

In each of the judgments, the Dutch court states that the Company cited the forum-selection and choice-of-law clauses in arguing that the Company, rather than the Dutch Affiliate, had employed the Employees. The Dutch court also concluded that Dutch law applied.[4] The Dutch court listed the Company's legal arguments. Noticeably absent was any mention of any argument that the lawsuits should be dismissed based upon the forum-selection clauses or that these clauses precluded the Dutch court from adjudicating the lawsuits. In stating its rulings and reasoning in two eight-page judgments, the Dutch court did not address whether the forum-selection clauses should be enforced or whether the lawsuits should be dismissed so that the Employees could pursue their claims in the courts of Bermuda. There is no indication the Company sought to enforce the Employees' promises to litigate the respective disputes in the courts of Bermuda. The Company asserted a counterclaim in the Dutch lawsuits conditioned upon the Dutch court's determination that the Company's termination of the Employees' employment was legal. The Company did not condition its counterclaims on the rejection of any argument based upon the forum-selection clauses. Nor did the Company assert in its motion for nonrecogni-

tion that it had asked the Dutch court to dismiss the Dutch lawsuits based upon the forum-selection clauses.[5] Though our record contains an affidavit from a lawyer who represented the Company in the Dutch lawsuits, this affiant does not mention the forum-selection clauses or address whether the Company sought any relief in the Dutch court based upon these clauses. In the case under review the Company has not proffered any reason why it did not give the Dutch court the opportunity to enforce the forum-selection clauses it now asserts as a ground for nonrecognition of the Dutch judgments.

Though the Company may have cited the forum-selection clauses in seeking other relief, the evidence before the trial court shows that the Company did not seek dismissal of the Dutch lawsuits based upon the forum-selection clauses. Had the Company sought dismissal in the Dutch litigation, the Dutch courts might have granted this relief. Texas has a strong policy of requiring litigants to seek relief in the first court they encounter and discouraging litigants from sitting on their rights, awaiting the outcome of the litigation, and then later pursuing rights they chose not to exercise. *See, e.g., General Chem. Corp. v. De La Lastra,* 852 S.W.2d 916, 920 (Tex.1993) (holding that party waived argument that general maritime

---

4. The Dutch court discussed a Dutch statute under which the law of The Netherlands must be applied to the employment contracts of workers on the Outer Continental Shelf off the coast of The Netherlands. ·Similarly, under American law a contractual provision is unenforceable if the parties choose the law of a jurisdiction other than the adjacent state to apply to operations conducted on fixed platforms off the coast of the United States. *See* 43 U.S.C. § 1301, *et seq.; Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 482, n. 8, 101 S.Ct. 2870, 2877, n. 8, 69 L.Ed.2d 784 (1981); *Union Tex. Petroleum Corp. v. PLT Engineering, Inc.,* 895 F.2d 1043, 1050 (5th Cir.1990).

5. In other trial court briefing the Company stated that the Dutch court "refused to recognize" the forum-selection clause. In addition, the Employees have cited the Dutch judgments and asserted that the Dutch court has rejected the Company's forum-selection clause argument. But these statements are not the same as saying that the court denied a motion to dismiss based upon the clause, and even if they were, they would not mandate a determination that the Company requested such relief in the Dutch court.

law applied to case by failing to raise that argument in the trial court). Allowing litigants to engage in these tactics increases the transaction costs of litigation, and Texas courts have refused to reward the litigant who delays assertion of its rights with another bite at the apple. *See id.* Likewise, in this case, the court should not refuse to recognize the judgments from a Dutch court that was not asked to enforce the forum-selection clauses that provide the basis for the nonrecognition ground asserted by the Company.

Principles of judicial economy are not served when a litigant is permitted to resurrect a contractual right the litigant chose not to pursue at the proper time and place and, after judgment, seek to enforce this right. The interests of litigants and courts are best served when the court in which the case is tried has an opportunity to consider the request for dismissal which, if granted, would obviate the need for trial and avoid the high cost of litigating the matter in the wrong forum. Though the Company may have gained a tactical advantage by its "wait and see" approach, the Dutch court and the Employees should not be put to unnecessary expense and delay in bringing the matter to conclusion. Under a de novo review this court should exercise its discretion to conclude that the Company's nonrecognition motions should be denied to the extent they are based upon section 36.005(b)(5). *See Ingersoll Milling Mach. Co.*, 833 F.2d at 688; *Society of Lloyd's*, 255 F.Supp.2d at 474; Uniform Foreign Country Money Judgments Recognition Act, § 4, cmt. 12, 13 Pt. II U.L.A. at 29–30.

Rejecting the ground for nonrecognition under section 36.005(b)(5) in the case under review is also consistent with the goal of the Uniform Act. The United States is not party to any multilateral convention regarding recognition of foreign judg-

ments. *See Alenia Spazio, S.p.A. v. Reid*, 130 S.W.3d 201, 222 (Tex.App.-Houston [14th Dist.] 2003, pet. denied). The United States Congress has not enacted any legislation regarding the recognition of foreign-country judgments in the United States. In this context, the National Conference of Commissioners on Uniform State Laws has stated that the goal of the Uniform Act is to "satisfy reciprocity concerns of foreign courts," thus making it more likely that money judgments rendered in the United States will be recognized in other countries. Uniform Foreign Country Money Judgments Recognition Act, 13 Pt. II U.L.A. 18, 19 (Supp. 2011). Under Texas law, if a defendant in a Texas lawsuit fails to seek dismissal based upon a forum-selection clause in the court that renders judgment, the defendant waives the benefit of the forum-selection clause. *See In re ADM Inv. Servs., Inc.*, 304 S.W.3d 371, 374 (Tex.2010) (orig. proceeding); *General Chem. Corp.*, 852 S.W.2d at 920. If a Texas court renders a money judgment against such a defendant, it would not be fair for a court in a foreign country to refuse recognition of the Texas judgment based upon the forum-selection clause. In the interests of reciprocity, this court should not refuse to recognize the Dutch judgments based upon the forum-selection clauses, given that the Company chose not to seek dismissal of the Dutch litigation based upon these clauses.

In its appellate brief the Company cites section 36.005(b)(5) and asserts that "[t]his court *must not* recognize the foreign judgments if the proceedings in the Dutch court were contrary to an agreement between the parties under which the dispute in question was to be settled." (emphasis added). The evidence before the trial court conclusively proved that the proceedings in the Dutch court were contrary to an agreement between the parties, under which the disputes in question were to be

settled by litigation in Bermuda. Based upon this evidence, the Company asserts that this court has no discretion to recognize the Dutch judgments. As discussed above, the Company's argument is contrary to the unambiguous language of section 36.005.

The Company's proffered construction renders the "need not" language of the Uniform Act meaningless, contrary to applicable rules of statutory construction. *See Iliff,* 339 S.W.3d at 81; *Ingersoll Milling Mach. Co.,* 833 F.2d at 688; *Society of Lloyd's,* 255 F.Supp.2d at 474; Uniform Foreign Country Money Judgments Recognition Act, § 4, cmt. 3, 13 Pt. II U.L.A. at 27. If the presence of one of the discretionary grounds required the court to grant the judgment debtor's motion for nonrecognition, then the Texas Legislature would not have used the "need not" language, and it would have listed all ten grounds in subsection (a). To give effect to the Legislature's unambiguous language, this court must construe "need not" to give courts discretion to recognize the Dutch judgments, even if proceedings in the Dutch court were contrary to the forum-selection clauses in the agreements of each of the Employees.

The majority mentions the discretionary language of section 36.005(b) and states that this language provides courts with "certain discretion regarding the recognition of foreign country judgments." *Ante* at 848. But, the majority does not describe this discretion, nor does the majority provide a legal standard by which this discretion can be applied, measured, or reviewed. *See id.* It can be inferred from the majority opinion that the majority bases its decision upon the Employees' failure to prove that the forum-selection clauses

are unenforceable under the *Bremen* analysis. *See ante* at pp. 848–49; *Deep Water Slender Wells, Ltd.,* 234 S.W.3d at 692–93. It is presumed that the Employees have the burden of proving the unenforceability of the forum-selection clauses before this factor can be used as a basis for exercising this court's discretion to recognize a foreign-country judgment despite proof of the ground in section 36.005(b)(5).[6] Even under this presumption, the majority errs by implicitly concluding that the only basis upon which a court can recognize the Dutch judgments despite the existence of the forum-selection clauses is a conclusion that the clauses are invalid or unenforceable under the *Bremen* analysis. *See ante* at pp. 848–49; *Ingersoll Milling Mach. Co.,* 833 F.2d at 688; *Society of Lloyd's,* 255 F.Supp.2d at 474; Uniform Foreign Country Money Judgments Recognition Act, § 4, cmt. 12, 13 Pt. II U.L.A. at 29–30. The majority does not explain how this discretion could be so limited. Under the plain meaning of section 36.005(b), this discretion cannot be limited only to the possibility of not enforcing a forum-selection clause under the *Bremen* analysis because the same discretion to recognize the judgment is given as to six other grounds that have nothing to do with forum-selection clauses. *See* Tex. Civ. Prac. & Rem. Code Ann. § 36.005(b). The majority concludes that under a de novo review this court should exercise its discretion to deny recognition to the Dutch judgments, yet the majority stands silent as to the nature of this discretion and provides no guidance as to the legal standard. *See ante* at pp. 848–49.

### CONCLUSION

To give effect to the intent of the Legislature, as expressed in the unambiguous

---

6. The issue in this case is whether the Dutch judgments should be enforced under the Uniform Act rather than whether the Dutch litigation should be dismissed based upon the forum-selection clauses.

language of section 36.005 of the Uniform Act, this court should hold that, if a party proves a discretionary ground for nonrecognition, then Texas courts have discretion to recognize the foreign-country judgment based upon other factors in the case. Presuming that this court applies a de novo standard of review, this court should examine the record before the trial court and conduct its own analysis as to whether the motion for nonrecognition should have been granted, using the same legal standard applicable to the trial court's ruling and giving no deference to the trial court's ruling. The record reflects that the Company did not seek dismissal of the Dutch lawsuits based upon the forum-selection clauses in their employment contracts with the Employees. This tactical choice has consequences. Because the Company chose not to seek this relief in the Dutch court, its nonrecognition motions should not be granted based on the forum-selection clauses. Holding otherwise undermines Texas's strong policies favoring judicial economy, avoidance of unnecessary expense and delay, and fairness to the parties. Accordingly, this court should exercise its discretion to determine that the Company's nonrecognition motions should be denied to the extent the Company asserts the ground in section 36.005(b)(5).[7] Because this court does not do so, I respectfully dissent.

7. If an abuse-of-discretion standard applied, this court should conclude that the trial court did not abuse its discretion under section 36.005(b)(5) in recognizing the Dutch judg-ments, in light of the Company's failure to seek dismissal of the Dutch lawsuits based upon the forum-selection clauses.