**Affirmed and Majority and Concurring Opinions filed July 26, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00403-CV

---

### FREDERICK L. NICHOLAS, Appellant

### V.

### ENVIRONMENTAL SYSTEMS (INTERNATIONAL) LIMITED, BRIAN G. COOK, REIF WINERY INC. (C.O.B. AS REIF ESTATE WINERY), KLAUS REIF AND RE/DEFINING WATER INC., Appellees

---

**On Appeal from the 56th District Court**
**Galveston County, Texas**
**Trial Court Cause No. 11-CV-1938**

---

## CONCURRING OPINION

This case presents an issue of apparent first impression in Texas under the Uniform Foreign Country Money-Judgment Recognition Act, contained in Chapter 36 of the Texas Civil Practice and Remedies Code. The trial court denied the judgment debtor's motion for nonrecognition of a Canadian judgment and granted the judgment creditors' request for enforcement of the judgment over the judgment

debtor's objection that the judgment creditors failed to comply with Texas Civil Practice and Remedies Code section 36.042(a)'s requirement that the judgment creditors' affidavit contain their last-known post-office addresses.  The majority concludes that, even if the judgment creditors failed to comply with this statutory requirement, the trial court did not err in enforcing the judgment because the judgment debtor was not harmed by any such failure to comply.  The better course would be to conclude that under Texas Civil Practice and Remedies Code section 36.004, compliance with this statutory requirement was not necessary for the trial court to enforce the foreign-country judgment in Texas.

### *Procedures to be Followed by Judgment Creditors under Texas Civil Practice and Remedies Code Chapter 36*

In the Uniform Foreign Country Money-Judgment Recognition Act (the "Act"), the Texas Legislature established a clear procedure for judgment creditors seeking recognition and enforcement in Texas of certain foreign-country judgments.[1]  Under section 36.041, the judgment creditor must file an authenticated copy of the foreign-country judgment in the office of the clerk of a court in the county of residence of the party against whom recognition is sought or in any other court of competent jurisdiction as allowed under the Texas venue laws.[2]  When filing the authenticated foreign-country judgment, the judgment

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 36.001, *et seq.* (West 2015).  This statute applies to a judgment of a "foreign country," as defined in the statute, granting or denying a sum of money that is final and conclusive and enforceable where rendered, even though an appeal is pending or the judgment is subject to appeal; however, the statute does not apply to (1) a judgment for taxes, a fine, or other penalty; (2) a judgment for support in a matrimonial or family matter, or (3) a judgment rendered before June 17, 1981.  *Id.* § 36.001, 36.002 (West 2015).  All references in this opinion to a "foreign-country judgment" are limited to the judgments to which Chapter 36 of the Texas Civil Practice and Remedies Code applies.

[2] *Id.* § 36.0041 (West 2015).  This authentication must be in accordance with an act of congress, a statute of this state, or a treaty or other international convention to which the United States is a party.  *Id.*

creditor also must file with the clerk of the court an affidavit showing the name and last-known post-office address of the judgment debtor and the judgment creditor.[3] The Act requires that the court clerk or the judgment creditor give notice of the filing of the foreign-country judgment to the judgment debtor at the address contained in the affidavit.[4] If the judgment debtor files a motion for nonrecognition of the foreign-country judgment, the judgment creditor may contest that motion and also may seek enforcement of the judgment, both of which occurred in today's case.[5]

### *The Judgment Creditors' Failure to Comply with a Requirement of Section 36.042(a)*

When they filed the authenticated foreign-country judgment, appellees/ judgment creditors Reif Winery, Inc. (C.O.B. as "Reif Estate Winery") and Klaus Reif (hereinafter collectively the "Reif Parties") filed with the court clerk an affidavit showing the name and last-known post-office address of appellant/judgment debtor Frederick L. Nicholas, but that affidavit did not contain the judgment creditors' last-known post-office address. Instead, the affidavit gave the address of the judgment creditors' lawyer in Canada. Thus, the Reif Parties did not comply with section 36.042(a)'s requirement that the affidavit contain their last-known post-office addresses.

### *Requirements under Section 36.004 for a Foreign-Country Judgment to be Conclusive and Enforceable*

At issue in today's case is the interpretation of section 36.004, which addresses when a foreign-country judgment is conclusive between the parties to the

---

[3] *Id.* § 36.0042(a) (West 2015).

[4] *Id.* §§ 36.042(b)(c), 36.0043 (West 2015).

[5] *Id.* § 36.0044 (West 2015).

extent the judgment grants or denies a money recovery and when the foreign-country judgment may be enforced as a judgment entitled to full faith and credit.[6] This statute states in its entirety:

> Except as provided by Section 36.005, a foreign country judgment that is filed with notice given as provided by this chapter, that meets the requirements of Section 36.002, and that is not refused recognition under Section 36.0044 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The judgment is enforceable in the same manner as a judgment of a sister state that is entitled to full faith and credit.[7]

This court reviews de novo the trial court's interpretation of applicable statutes.[8] In construing a statute, the objective is to determine and give effect to the Legislature's intent.[9] If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state.[10] If the meaning of the statutory language is unambiguous, this court is to adopt the interpretation supported by the plain meaning of the provision's words.[11] We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose.[12]

The Legislature did not state in the Act that courts should liberally construe

---

[6] *Id.* § 36.004 (West 2015).

[7] *Id.*

[8] *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655–56 (Tex. 1989).

[9] *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000).

[10] *Id.*

[11] *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997).

[12] *See id.*

4

the Act.[13]  Nor did the Legislature state that courts should strictly construe the Act.[14]  Research has not revealed any precedent addressing the standard.  In this context, the court should follow the general rule and interpret the statute based on the plain meaning of its language rather than on either a strict or liberal construction of the text.[15]

Under section 36.004's unambiguous language, for the foreign-country judgment to be conclusive between the parties to the extent the judgment grants or denies a money recovery and to be entitled to full faith and credit in its enforcement, the judgment must be "filed with notice given as provided by [chapter 36]."[16]  Given the text and structure of the Act, this unambiguous language requires that the judgment creditor file the judgment as provided in section 36.0041 and have notice given in accordance with the relevant subsections of either section 36.0042 or section 36.0043, but does not require that the judgment creditor comply with section 36.042(a)'s requirement that the affidavit contain the creditors' last-known post-office addresses.[17]  A fair construction of the statutory text reveals at least five requirements for a foreign-country judgment to be conclusive between the parties to the extent the judgment grants or denies a money recovery and to be entitled to full faith and credit in its enforcement:

(1) The judgment must be a "foreign country judgment" as defined in section

---

[13] *See* Tex. Civ. Prac. & Rem. Code Ann. § 36.001, *et seq.*

[14] *See id.*

[15] *See Nat'l Liab. & Fire Ins. Co.*, 15 S.W.3d at 527; Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 355–58, 364–66 (2012) (discussing how general approach to statutory construction is to adhere to the fair meaning of the statute's text rather than to strictly construe or to liberally construe the text).

[16] Tex. Civ. Prac. & Rem. Code Ann. § 36.004.

[17] *Id.* §§ 36.0041, 36.042, 36.0043.

36.001.[18]

(2) The judgment must have been filed in compliance with section 36.0041.[19]

(3) Notice must have been given to the judgment debtor in compliance with the relevant subsections of either section 36.0042 or section 36.0043.[20]

(4) The judgment must meet the requirements of section 36.002.[21]

(5) Recognition of the judgment must not have been refused under section 36.0044.[22]

In addition, the Texas Legislature began the recitation of these requirements in section 36.004 by stating "[e]xcept as provided by Section 36.005," possibly allowing a trial court to not give conclusive effect to a foreign-country judgment based on one of the ten nonrecognition grounds in section 36.005 if no timely motion for nonrecognition was filed under section 36.044.[23] Whatever the construction of this phrase, section 36.005 does not address section 36.042(a)'s requirement that the affidavit contain the judgment creditor's last-known post-office address; therefore, this phrase does not provide Nicholas a basis for avoiding recognition or enforcement of the Canadian judgment against him based on this requirement of section 36.042(a).[24] Because a motion for nonrecognition can be

---

[18] *Id.* § 36.001.

[19] *Id.* § 36.0041.

[20] *Id.* §§ 36.042, 36.0043.

[21] *Id.* § 36.002.

[22] *Id.* § 36.0044.

[23] *See id.* §§ 36.004, 36.0044, 36.005. No Texas case appears to have addressed the construction of the phrase "[e]xcept as provided by Section 36.005." *Id.* § 36.004. In section 36.005, the Legislature lists three situations in which a foreign-country judgment "is not conclusive" and seven situations in which a foreign-country judgment "need not be recognized." *Id.* § 36.004. The Act does not state that a trial court can rely on these nonrecognition grounds only in the context of ruling on a timely motion for nonrecognition. *See* Tex. Civ. Prac. & Rem. Code Ann. § 36.001, *et seq.*

[24] *Id.* §§ 36.004, 36.005.

based only on one or more of the ten grounds in section 36.005, the fifth requirement above does not provide Nicholas a basis for avoiding recognition or enforcement of the judgment based on this requirement of section 36.042(a).[25] Likewise, the first through fourth requirements listed above do not implicate section 36.042(a)'s requirement as to the judgment creditor's last-known post-office address.[26]

In sum, the Act allows a foreign-country judgment to be conclusive between the parties to the extent the judgment grants or denies a money recovery and to be entitled to full faith and credit in its enforcement, even if the judgment creditor failed to comply with section 36.042(a)'s requirement that the judgment creditor's affidavit contain its last-known post-office address.[27] The consequence of the non-compliance is not a matter of harm. Recognition and enforcement of the foreign-country judgment does not turn on the creditors-address requirement, even though section 36.042(a) requires that the affidavit contain the judgment creditor's last-known post-office address.[28]

Though Nicholas preserved error in the trial court on his argument that the judgment should not be recognized or enforced based on the Reif Parties' failure to comply with section 36.042(a)'s requirement that the affidavit contain their last-known post-office addresses, under the plain meaning of the statute, compliance with this requirement is not necessary for the Canadian judgment to be conclusive between the parties to the extent the judgment grants or denies a money recovery

---

[25] *Id.* §§ 36.004, 36.0044(a), 36.005.

[26] *Id.* § 36.004.

[27] *Id.*

[28] *Id.*

and to be entitled to full faith and credit in its enforcement.[29]  For this reason, Nicholas's third issue lacks merit.

The majority relies upon a statement from a 2011 opinion of this court that "[w]hen recognition is not contested or a contest is overruled, a foreign-country judgment is conclusive between the parties to the extent that it grants recovery or denial of a sum of money."[30]  This statement is an obiter dictum from a case whose holding was only that the trial court erred in denying a motion for nonrecognition based on section 36.005(b)(5).[31]  In addition, this obiter dictum, if followed, would conflict with section 36.004's unambiguous language imposing the five requirements discussed above.[32]

The majority relies on cases applying Chapter 35, Texas's version of the Uniform Enforcement of Foreign Judgments Act, which applies to the filing and enforcement in Texas courts of judgments of a court of the United States or any other court entitled to full faith and credit.[33]  Though some parts of Chapter 35 are similar to the analogous provision of Chapter 36, section 35.003, the section analogous to section 36.004, contains materially different language.[34]  Therefore,

---

[29] *Id.*

[30] *See ante* at 10 (citing *Diamond Offshore (Bermuda), Ltd. v. Haaksman*, 355 S.W.3d 842, 845 (Tex. App.—Houston [14th Dist.] 2011, pet. denied)).

[31] *Diamond Offshore (Bermuda), Ltd.*, 355 S.W.3d at 845–48.

[32] *See id.* § 36.004.

[33] *See ante* at 12–13.

[34] Section 35.003, entitled "Filing and Status of Foreign Judgments," states:

> (a) A copy of a foreign judgment authenticated in accordance with an act of congress or a statute of this state may be filed in the office of the clerk of any court of competent jurisdiction of this state.
> (b) The clerk shall treat the foreign judgment in the same manner as a judgment of the court in which the foreign judgment is filed.

these Chapter 35 cases are not on point.[35]

Rather than overrule Nicholas's third issue based on a lack of harm, the better course would be to overrule this issue based on statutory analysis. Though I concur in the court's judgment, I respectfully decline to join the court's opinion.


/s/    Kem Thompson Frost
        Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and Wise. (Wise, J., majority).

---

(c) A filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, staying, enforcing, or satisfying a judgment as a judgment of the court in which it is filed.

Tex. Civ. Prac. & Rem. Code Ann. § 35.003 (West 2015).

[35] *See id.*